JOHNSON, Commissioner of Immigration, et al. v. UNITED STATES ex rel. PEPE.

Circuit Court of Appeals, Second Circuit. October 29, 1928.

No. 92.

John Buckley, U. S. Atty., of Hartford, Conn. (George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., of counsel), for appellants.

John M. Chapnick, of New Haven, Conn., for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). This appeal involves the construction of section 19 of the Immigration Act of February 5, 1917 (39 Stat. 889; 8 USCA § 155), which reads in part as follows:

"Sec. 19. * * * except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * *"

It is conceded by the relator that statutory arson is a crime involving moral turpitude. The sole question is whether the alien has been "sentenced more than once" within the meaning of the above-quoted statute; his contention being that, since there is but a single information and plea and only one judgment file and one mittimus, he has been sentenced only once, notwithstanding that separate punishment was imposed for each of four distinct offenses. The District Court, although expressing some doubt, decided that the statutory phrase "means the performing of the act of sentencing more than once" and that in this case "there was but one act of sentencing by the Connecticut superior court, though perhaps more than one sentence was imposed by the one act of sentencing."

Such construction is not, in our opinion, permissible. Section 19 declares when aliens may be deported for crime. The crime must be one involving moral turpitude, and serious enough to have merited a sentence of at least one year's imprisonment. Congress then differentiates between aliens who have been once sentenced because of conviction in this country of such a crime and those who have been "sentenced more than once." The former class may be deported only if the crime was committed within five years after entry, the latter without regard to how long after entry their crimes were committed. It is reasonable to differentiate between an alien who has committed a single offense and one who has repeatedly offended. There would be no reason to make the classification turn on mere formalities of criminal procedure. Whether two crimes shall be prosecuted in two counts of a single indictment or information, or in separate indictments and with separate trials, depends upon considerations of convenience and expedition in judicial administration which can have no relation whatever to a classification of aliens for deportation. Under the relator's contention the prosecuting official of Connecticut may determine, by the mere form in which he prosecutes an alien who has committed two offenses of the same character, the latter's liability to deportation. Such an intention should not be attributed to Congress unless the statutory language compels it. It clearly does not. In its natural and reasonable meaning "sentenced more than once to such a term of imprisonment" refers to the number of separate crimes for which sentences are imposed, not to the form of the indictment or the procedure of a single trial.

The relator was guilty of four separate offenses and he was sentenced to a separate term of imprisonment of one year or longer

812

for each offense. That, for some purposes, sentences upon several counts charging distinct offenses are separate sentences is evident from the fact that error in the sentence imposed on one count does not affect the sentence imposed on others. See In re Greenwald, 77 F. 590, 594 (C. C. Cal.); United States v. Carpenter, 151 F. 214 (C. C. A. 9), 9 L. R. A. (N. S.) 1043, 10 Ann. Cas. 509; De Jianne v. United States, 282 F. 737, 742 (C. C. A. 3); Blitz v. United States, 153 U. S. 306, 14 S. Ct. 924, 38 L. Ed. 725; People v. Holton, 326 Ill. 481, 158 N. E. 134. That, for other purposes and under other statutes, successive sentences may be cumulated and treated as a single sentence or single term of imprisonment, as in United States v. Thompson, 202 F. 346 (D. C. Cal.), and Ebeling v. Biddle, 291 F. 567 (C. C. A. 8), need cast no doubt upon our conclusion. Within the meaning of section 19 of the Act of February 5, 1917, the relator was sentenced more than once.

The judgment is reversed, and the cause remanded with directions to discharge the writ.