## OPOLICH v. FLUCKEY, Director of Immigration.

### No. 145.

District Court, N. D. Georgia, Atlanta Division.

May 5, 1930.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

SIBLEY, District Judge.

The applicant came to America in 1913, and pleaded guilty in 1928 to four counts of an indictment charging four connected crimes of counterfeiting. The judge sentenced him to a fine and two years in the penitentiary without specifically stating which counts the sentence was upon or whether it was upon each of them, but simply stated that the service was to be concurrent. It is impossible to tell whether there was a deliberate purpose to sentence separately for each of the four counts or not. The applicant has served this sentence and is now held for deportation on the ground that after five years from his entry into the country he has been, in the language of section 19 of the Immigration Act of February 5, 1917 (8 USCA § 155), "sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry." Whether he can be deported depends upon whether or not he has been sentenced more than once to a term of imprisonment because of a crime involving turpitude. Technically he committed four crimes, notwithstanding they were connected together and apparently in the same scheme of counterfeiting. Possibly he may be said to have been sentenced for all four, but it seems to me a great strain of language to say that he has been sentenced more than once. And in my opinion Congress had in mind what are commonly called "repeaters," that is to say, persons who commit a crime and are sentenced, and then commit another and are sentenced again. These last I think were the persons who were intended to be deported, notwithstanding they may have been residents of this country for more than five years. A contrary conclusion has been reached in Johnson v. United States (C. C. A.) 28 F.(2d) 810, but, inasmuch as this decision is not binding upon me, I feel it my duty to follow my own conviction as to the meaning of Congress. It seems to me that Congress has not made the test of deportation

after five years of residence the conviction of one or more crimes, but the fact that one has been more than once sentenced for such crimes.

I feel therefore impelled to grant the writ and order the discharge of the applicant.