**UNITED STATES ex rel. ALLESSIO v. DAY,**
Commissioner of Immigration at Port of
New York.

No. 374.

Circuit Court of Appeals, Second Circuit.

May 19, 1930.

Vito Marcantonio, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Frank W. Ford, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The appellant, a native of Italy, was born November 9, 1898, and entered the United States during the year 1900. On May 7, 1919, he was convicted of the crime of manslaughter in the first degree and sentenced to a term of from four years and three months to ten years. On September 30, 1922, he was paroled. He left the United States on September 5, 1925, going to Italy and returning on March 3, 1926, having in his possession a re-entry permit. On September 9, 1928, he was sentenced to a term of three years for counterfeiting in the district of New Jersey. He completed his term December 9, 1929, and was taken into custody by the immigration authorities, and, after a hearing, directed to be deported. At no time did he become an American citizen. The crimes for which he was convicted involved moral turpitude. The statute (section 19, c. 29, Act Feb. 5, 1917, 39 Stat. 889, 8 USCA § 155), provides that an alien who is, after entry, imprisoned for a term of one year or more because of conviction in this country of a crime involving moral turpitude committed within five years after entry of the alien to the United States "or who is sentenced more than once to such a term of imprisonment because of conviction in this

country of any crime involving moral turpitude, committed at any time after entry; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * "

 Since the appellant was convicted twice since his original entry into the country, his return to Italy and re-entry upon a return permit after his visit there is of no importance. He may be deported because he was convicted more than once. Johnson v. United States (1928) 28 F.(2d) 810 (C. C. A. 2).

Order affirmed.