**NISHIMOTO v. NAGLE, Immigration Com'r.**

**No. 6154.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 3, 1930.

Stephen M. White, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Hubert Wyckoff, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The appellant, an alien who entered the United States in December, 1919, was ordered deported under the provisions of section 19 of the Immigration Act of February 5, 1917 (39 Stat. 889 [8 USCA § 155]), on the ground that he had been "sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry." He applied to the District Court for a writ of habeas corpus, which was denied, and he appeals to an order of denial.

It appears that the appellant was charged with the issuance of five separate checks with intent to defraud, the issuance of each check constituting a separate felony, and he pleaded guilty to each of the counts of the information filed against him in the superior court in and for the county of Tulare. The court imposed the sentence upon each separate count of the indictment that the appellant "be imprisoned in the state prison of this state." The court also adjudged "that these sentences and terms of imprisonment shall run concurrently." Appellant claims that inasmuch

as the five sentences for five indeterminate terms in the state prison run concurrently that therefore the sentence is but a single sentence and he has not been sentenced "more than once," and for that reason, having resided in the United States more than five years, is not subject to deportation. It is true that for some purposes a sentence like this is treated as a single sentence. In the case of Kuehn v. U. S. (C. C. A.) 8 F.(2d) 265, 266, cited by the appellant, two sentences running concurrently upon two counts of an indictment were objected to by the appellant therein upon the ground that the two offenses were a single offense. The court held that this was immaterial in view of the fact that the sentences run concurrently and in that connection stated, "There was but one sentence, and it was a permissible sentence for the offense charged in the second count." This was in pursuance of the rule uniformly applied on appeal and stated in the opinion of Judge Gilbert in the above-mentioned case "where conviction is had upon more than one count, the sentence, if it does not exceed that which might be imposed on one count, is good if that count is sufficient."

Although it thus appears that for some purposes the sentence may be regarded as a single sentence, it is in fact, as it purports on its face to be, five separate sentences. The fact that the sentences run concurrently merely means that the convict is given the privilege of serving each day a portion of each sentence, so that in practical effect so far as he is concerned if he serves the sentence and nothing occurs subsequent to the judgment to alter the situation he is discharged at the expiration of the maximum term imposed upon any one of the counts. If, however, the sentence upon each count was different, he could not be discharged until he had served the longest sentence. Even if the sentences were all for an equal period, a pardon of the convict upon all but one of the counts would not relieve him from serving the full term imposed upon the count for which no pardon was granted. The case of the United States v. Peeke, 153 F. 166, 12 L. R. A. (N. S.) 314 (C. C. A. 3), is cited by the appellant in support of the proposition that only a single sentence was imposed upon the appellant. That case dealt with a situation where a person was convicted upon five counts, and the court, without discriminating between the different counts, sentenced the defendant to a term of five years, where the maximum term under any one count is two years. It was there contended by the appellant that a five-

year sentence might be apportioned to the different counts of the indictment. The court held, however, that the sentence of five years was a single sentence for a single term of five years, and that the maximum term of imprisonment thereunder was two years notwithstanding the fact that the court, by imposing a separate sentence upon each count, might have given a cumulative sentence of ten years.

The fallacy of appellant's position can perhaps be illustrated by the situation in California, where the court imposes a maximum sentence and the State Board of Prison Directors is authorized to release the prisoner on parole at any time after the expiration of the minimum period fixed by law as a punishment for the offense of which the prisoner stands convicted, and provides a scheme under which the term of imprisonment is tentatively fixed by the State Board of Prison Directors, which "sentence is therefore treated as though it had been imposed by the court with due allowance being made for good behavior and for the application of general rules for parole." In re Lee, 177 Cal. 690, 171 P. 958; section 1168, Pen. Code; 8 Cal. Jur. §§ 485, 486. Under this system the State Board of Prison Directors might apportion very different terms for the different counts. The amount involved in each count might be vastly different. It is a felony under the California law to issue a check in any amount with intent to defraud so that the check in one instance might be a comparatively nominal amount and in another case might be an exceedingly large amount. These facts under the California system of indeterminate sentence could not be considered by the court in fixing a sentence, but could only be considered by the Board of Prison Directors in determining the actual period of imprisonment. Under the California law the general rule is that sentences run concurrently even though pronounced at different times and for different offenses on different indictments. Cal. Pen. Code, § 669; Ex parte McGuire, 135 Cal. 339, 67 P. 327, 87 Am. St. Rep. 105; Ex parte Casey, 160 Cal. 357, 116 P. 1104. It is obvious, therefore, that under the California system the fact that the terms of imprisonment run concurrently does not in the slightest degree alter the fact that the sentences are separate. In re Sichofsky, 201 Cal. 360, 257 P. 439, 53 A. L. R. 615.

The question here involved, however, is not the mere technical question presented by the appellant, but is as to the intention of

Congress in enacting the legislation in pursuance to which the deportation of the appellant was ordered. The purpose of Congress was to permit and require deportation where an alien, within five years of his entry into the United States, had committed a single crime involving moral turpitude, or after five years had committed more than one crime involving moral turpitude for which he had been sentenced to a term of imprisonment, committed at any time after entry. It will be observed that the statute does not limit the power of deportation to a second conviction, but is based upon the commission of a number of offenses for which the alien has been sentenced. The form of the sentence is obviously of no consequence. The purpose of Congress undoubtedly was to provide for the deportation of a man who committed more than one offense involving moral turpitude for which he had been convicted, and upon which conviction and sentence has been imposed; whether the sentence run concurrently or consecutively is entirely immaterial from the standpoint of the purpose of the law. The section providing for deportation by reason of such a sentence contains a proviso which authorizes the judge imposing the sentence to provide that the alien shall not be deported in pursuance of the act. If, therefore, it was the purpose of the judge imposing the sentence to avoid the consequences otherwise resulting from a cumulative sentence, it could have been done by an express proviso relieving the alien from deportation.

Order affirmed.