**WALLIS v. TECCHIO.**
No. 6857.

Circuit Court of Appeals, Fifth Circuit.
May 26, 1933.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for appellant.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a judgment on habeas corpus that Dominick Tecchio is illegally held for deportation under 8 USCA § 155, as an alien who more than five years after entry into the United States has been sentenced more than once to terms of imprisonment of more than one year for crimes involving moral turpitude. Tecchio entered the country in 1921. By four counts of one indictment he was charged with four offenses of passing and attempting to pass counterfeit money on December 27, 1928, and within eighteen days thereafter, and was on February 11, 1929, by one judgment sentenced to two years in the penitentiary on each count, the terms on counts 3 and 4 to be concurrently served respectively with those on counts 1 and 2. On completing the four years of service he was arrested, and after hearing ordered deported. The sole question is whether he has been sentenced more than once.

The statutory words to be construed are: "Any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry." The meaning of the words "sentenced more than once" has not been determined by the Supreme Court, and very divergent views have been expressed in the lower courts. For instance, in the case of Opolich v. Fluckey (D. C.) 47 F.(2d) 950, it was suggested that Congress had in mind "repeaters," that is to say, persons who commit a crime and are sentenced and then commit another and are sentenced again. In Nishimoto v. Nagle (C. C. A.) 44 F.(2d) 304, deportation was upheld because of a single sentence imposing concurrent imprisonment for several offenses. In United States v. Day (C. C. A.) 51 F.(2d) 1019, deportation was refused where there were two indictments and two sentences to be served concurrently. In Clark, Inspector, v. Orabona (C. C. A.) 59 F.(2d) 187, where the alien shot two men in the same brawl and was separately indicted for each shooting, the sentence pronounced on one indictment was served, but sentence was deferred on the other. After five years he became involved in another shooting, and was then sentenced on

the second indictment about the first fight. Deportation was upheld. Some of the opinions hold it enough that two crimes have been committed whether separate punishment is inflicted or not; some lay stress on the imposition of separate terms of imprisonment although the crimes may have been connected together; while others insist that separate sentences must have been imposed on separate occasions. We shall attempt an independent construction.

The statute in its effect upon the individual must be classed as penal. Huntington v. Attrill, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123; 59 C. J., Statutes, §§ 658, 660. We regard forfeiture for misconduct of the privilege of an existing residence in the United States as a penalty. The District Judge states in his opinion that Tecchio has married a citizen of the United States and has three children born here, aged four, six, and eight years, and that all his near relatives live here. In a case such as this deportation in consequence of a second sentence is severe additional punishment. "The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself." United States v. Wiltberger, 5 Wheat. 76, 95, 5 L. Ed. 37. Doubt as to the application of such a statute is to be resolved in favor of the accused. United States v. Sheldon, 2 Wheat. 119, 4 L. Ed. 199. Granting "that there has been some relaxation on the part of the courts in applying the rule of strict construction to such statutes, it still remains that the intention of a penal statute must be found in the language actually used, interpreted according to its fair and obvious meaning. It is not permitted to courts, in this class of cases, to attribute inadvertence or oversight to the legislature * * * nor to depart from the settled meaning of words or phrases in order to bring persons not named or distinctly described within the supposed purpose of the statute." United States v. Harris, 177 U. S. at page 309, 20 S. Ct. 609, 611, 44 L. Ed. 780. Congress has here in the same provision used the four expressions, crime, conviction, term of imprisonment, and sentence with evident appreciation of their several proper meanings. Deportation is not rested on the mere commission of crime; but there must be conviction in this country, its courts must be troubled and the alien here publicly scandalized by sentence, and his punishment made as severe as a year in the penitentiary. After five years' residence his ties here may not be broken unless he has thus been "sentenced more than once." The language is not "sen-

tenced for two crimes" or for "two terms in the penitentiary," but "sentenced more than one time." The difference between a sentencing and the terms of imprisonment which may be imposed by it is plain. The alien is sentenced once when, after a conviction or plea of guilty, he is called before the bar and receives judgment, whether for one or several crimes, with one or several terms of imprisonment. He is sentenced more than once when that happens again. It is no fair rendering of the words to say that a sentencing at the same time for two crimes suffices, or that to receive two terms of imprisonment imposed by the same sentence is to be sentenced more than once. One must have burdened the country's courts with his prosecution, and have been publicly branded as a criminal by his sentence on at least two occasions. It may be within the choice of the prosecutor to so mould the proceedings as to make two separate prosecutions out of a situation, or to consolidate them into one; but should the former course be oppressively followed, the judge may defeat it by the power given him in the statute to veto deportation. On the record before us we think Tecchio has been sentenced but once, although he was then given several terms of imprisonment.

Judgment affirmed.