FONG HAW TAN *v.* PHELAN, ACTING DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE.

No. 370.  Argued January 8–9, 1948.—Decided February 2, 1948.

*Lambert O'Donnell* argued the cause for petitioner. With him on the brief was *William J. Chow.*

*Beatrice Rosenberg* argued the cause for respondent. With her on the brief were *Solicitor General Perlman, Assistant Attorney General Quinn, W. Marvin Smith* and *Robert S. Erdahl.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

An alien who is "sentenced more than once" to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude committed after his entry shall, with exceptions not material here, be deported. Section 19 (a)[1] of the Immi-

---

[1] Section 19 (a) so far as material here provides:

". . . except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry . . . shall, upon the warrant of the Attorney General, be taken into custody and deported. . . . The provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the State, make a recommendation to the Attorney General that such alien shall not be deported in pursuance of this Act; nor shall any alien convicted as aforesaid be deported until after the termination of his imprisonment . . . ."

gration Act of February 5, 1917, 39 Stat. 889, as amended 54 Stat. 671, 8 U. S. C. § 155 (a). It appears that petitioner, a native of China, was convicted of murder under each of two counts of an indictment, one count charging the murder of one Lai Quan, the other charging the murder on or about the same date of one Ong Kim.[2] The jury fixed the punishment for each murder at life imprisonment. He was thereupon sentenced to prison for the period of his natural life by one judgment, construed by the Circuit Court of Appeals to impose that sentence on him for each of the convictions. Sometime thereafter a warrant for his deportation to China issued. Later he was paroled, released from prison, and taken into the custody of the Immigration Service. He then filed a petition for a writ of habeas corpus challenging the legality of his detention. The District Court denied the petition on the authority of *Nishimoto* v. *Nagle,* 44 F. 2d 304. The Circuit Court of Appeals affirmed. 162 F. 2d 663. The case is here on a petition for a writ of certiorari which we granted because of the contrariety of views among the circuits concerning the meaning of the statutory words, "sentenced more than once."

The Ninth Circuit view is that a conviction and sentence for more than one offense, whether at the same or different times and whether carrying concurrent or consecutive sentences, satisfy the statute. That was the position taken in *Nishimoto* v. *Nagle, supra,* and followed below. The Second Circuit holds that an alien who is given consecutive sentences is sentenced more than once, while an alien who is given concurrent sentences is not, even though the crimes are distinct. *Johnson* v. *United States,* 28 F. 2d 810; *United States ex rel. Mignozzi* v. *Day,* 51 F. 2d 1019. The Fourth Circuit takes the position that the statute is satisfied whether or not the

---

[2] Whether the two murders resulted from one act or from two does not appear.

sentences imposed run concurrently or consecutively provided that the two crimes which are committed and for which separate sentences are imposed arise out of separate transactions. *Tassari* v. *Schmucker*, 53 F. 2d 570. The Fifth Circuit takes the view that an alien is "sentenced once when, after a conviction or plea of guilty, he is called before the bar and receives judgment, whether for one or several crimes, with one or several terms of imprisonment. He is sentenced more than once when that happens again." *Wallis* v. *Tecchio*, 65 F. 2d 250, 252. That view is an adaptation of the position taken earlier by a District Court in the same circuit that Congress by this provision aimed to deport "repeaters," *viz.* "persons who commit a crime and are sentenced, and then commit another and are sentenced again." *Opolich* v. *Fluckey*, 47 F. 2d 950.

The latter is the reading we give the statute. There is a trace of that purpose found in its legislative history. Congressman Sabath who proposed the provision as an amendment said it was aimed at the alien "who is a criminal at heart, a man who is guilty of a second offense involving moral turpitude and for the second time is convicted." 53 Cong. Rec. 5167. Congressman Burnett, who was in charge of the bill on the floor of the House, gave the same emphasis when he said that the amendment proposed "that those who committed a second crime involving moral turpitude showed then a criminal heart and a criminal tendency, and they should then be deported." *Id.*, p. 5168. The Committee Report in the Senate put the matter into sharper focus when it stated that the provision was "intended to reach the alien who after entry shows himself to be a criminal of the confirmed type." S. Rep. No. 352, 64th Cong., 1st Sess., p. 15. Perhaps the plainest "confirmed type" of criminal is the repeater. We give expression to that view by reading this provision of the statute to authorize deportation only

where an alien having committed a crime involving moral turpitude and having been convicted and sentenced, once again commits a crime of that nature and is convicted and sentenced for it.

We resolve the doubts in favor of that construction because deportation is a drastic measure and at times the equivalent of banishment or exile, *Delgadillo* v. *Carmichael,* 332 U. S. 388. It is the forfeiture for misconduct of a residence in this country. Such a forfeiture is a penalty. To construe this statutory provision less generously to the alien might find support in logic. But since the stakes are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the words used.

*Reversed.*