

---

Robert D. Baizer, Oakland, Cal., for petitioner.

Lauren S. Kahn, Atty., Washington, D. C., for respondent.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

Chang-Salazar petitions for review of a decision of the Board of Immigration Appeals. Petitioner had applied for permission to depart from the United States voluntarily. The Immigration Judge had denied that application and on appeal the Board of Immigration Appeals had upheld the judgment of the Immigration Judge. We have jurisdiction pursuant to 8 U.S.C. § 1105a.

Petitioner, Chang-Salazar, is a native and citizen of Peru who first entered the United States on February 20, 1967, on a non-immigrant student visa. He later reentered as a student on August 13, 1972, under an authorization to remain as a student until August 12, 1973. On December 12, 1975, the respondent Immigration & Naturalization Service (INS) issued an Order to Show

**Jaime Fernando CHANG–SALAZAR, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 77–1395.

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1977.

Rehearing Denied Dec. 22, 1977.

Cause charging petitioner with being subject to deportation as an alien who had remained in the United States longer than the period of his authorized stay. The petitioner conceded the truth of the allegation and requested the privilege of voluntary departure at his own expense.

On February 25, 1972, during petitioner's first stay in the United States, he was married to Virginia Ogden, a United States citizen. On December 17, 1973, the Immigration & Naturalization Service at San Francisco approved the visa petition filed by his wife to have petitioner classified as an immediate relative, enabling him to obtain permanent resident status. It was forwarded to the United States Consulate at Vancouver, British Columbia, where petitioner was presumably to obtain his visa. No final action appears to have been taken on this application. Although some indication appears that the Immigration Judge suspected this to have been a possible marriage fraud, the proceedings do not support such a conclusion.

The Immigration Judge based his denial upon the petitioner's past conviction of a criminal charge of knowingly and intentionally using a telephone to facilitate a conspiracy to import a quantity of cocaine into the United States from Lima, Peru, in violation of 21 U.S.C. § 843(b) and 963. The judge specifically found that petitioner's conviction under 21 U.S.C. § 843(b) "cannot be considered a law relating to the illicit traffic in narcotic drugs as it defines the unlawful use of a communication facility to facilitate the commission of any felony offense" and therefore petitioner's conviction did not render him statutorily ineligible for voluntary departure. However, the judge did find that the seriousness of petitioner's conviction outweighed the equity of petitioner's marriage to a United States citizen and therefore denied the request for voluntary departure in the exercise of his discretion.

On appeal to the Board of Immigration Appeals, petitioner's appeal was dismissed. The Board disagreed with the Immigration Judge, finding that petitioner's conviction was a drug offense as defined in 8 U.S.C. § 1182(a)(23) [see also 8 U.S.C. § 1251(a)(11)] which precluded petitioner from meeting the good moral character requirement as defined by 8 U.S.C. § 1101(f)(3) and thereby rendered petitioner statutorily ineligible under 8 U.S.C. § 1254(e).

Petitioner contends here that he is not statutorily ineligible for voluntary departure, and second, that it was an abuse of discretion for the immigration judge to have denied his application for voluntary departure.

In contending that he is not statutorily ineligible, petitioner urges upon us the rule first enunciated in *Fong Haw Tan v. Phelan*, 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433 (1948), requiring that statutory grounds for deportation must be given the narrowest of several possible meanings of the words used, to avoid the drastic consequences of a finding of deportability, if at all possible. In that case, the Supreme Court held that a person who had been convicted of murdering two different people could not be deported under a statute requiring deportation of individuals "sentenced more than once" to imprisonment where the conviction for both murders occurred at one time and the person received his sentences on the same day. We are not persuaded, even under this liberal standard, that the Board erred in finding petitioner statutorily ineligible.

21 U.S.C. § 843(b) was enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 21 U.S.C. § 801, *et seq.* 21 U.S.C. § 843(b) proscribes the use of a communication facility to facilitate "the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II." A violation of § 843(b) occurs only when a communication facility is utilized to facilitate the commission of a felony that is enumerated in subchapter I or II. In the present case petitioner used a telephone to facilitate the commission of a conspiracy to import cocaine which is a felony under 21

U.S.C. § 963 found in subchapter II of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

The cases relied upon by petitioner involving other drug-related offenses are inapposite to the present case. These cases dealt with situations where the underlying conviction was accompanied by a certificate of relief from disabilities, *Rehman v. Immigration and Naturalization Service,* 544 F.2d 71 (2nd Cir. 1976); or where the underlying conviction did not require a finding of guilty knowledge, *Lennon v. I. & N. S.,* 527 F.2d 187 (2nd Cir. 1975); or where the statute, 8 U.S.C. § 1251(a)(11) [before it was amended], failed to specifically include marijuana offenses, *Hoy v. Mendoza-Rivera,* 267 F.2d 451 (9th Cir. 1959); or where the underlying conviction was for using or being under the influence of drugs, *Varga v. Rosenberg,* 237 F.Supp. 282 (S.D.Cal. 1964); or where the underlying conviction was for visiting a place where narcotics were being unlawfully used, *Matter of Schunck,* 14 I. & N., Dec. 101 (1972). All of these cases involved circumstances not involved in the present case.

Applying the liberal standard announced in *Fong Haw Tan v. Phelan, supra,* we hold that when petitioner was convicted under 21 U.S.C. § 843(b), he was indeed "convicted of a violation of, . . . [a] law or regulation relating to the illicit . . . traffic in narcotic drugs" or of a "law or regulation governing or controlling the . . . importation . . . of . . . coca leaves," 8 U.S.C. § 1251(a)(11) and thus he falls within the ineligibility provision of 8 U.S.C. §·1254(e) and the various sections it incorporates implicitly or by reference, *see* 8 U.S.C. § 1101(f)(3), § 1251(a)(4) and (a)(11).

In light of our holding that petitioner is statutorily ineligible for voluntary departure, there is no need to discuss petitioner's second contention regarding an abuse of discretion since there is no discretion left to be abused.

Petition DENIED.