931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Dora SANCHEZ-SANCHEZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-9568.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1991.
 
 Before ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mrs. Sanchez-Sanchez appeals the final order of deportation.
 
 
 3
 Sanchez pled guilty to a violation of 21 U.S.C. Sec. 843(b). The Immigration and Naturalization Service found her deportable under 8 U.S.C. Sec. 1251(a)(11), which renders persons convicted of any law "relating to a controlled substance" deportable. The facts are uncontroverted. The sole question to be answered by us is whether the conviction related to a controlled substance.
 
 
 4
 Sanchez, an alien, while represented by counsel pled guilty to a violation of 21 U.S.C. Sec. 843(b). This charge reads as follows:
 
 
 5
 [U]se of a communication facility in committing acts of possession with intent to distribute and distribution of a Schedule I controlled substance, heroin, in violation of Title 21, U.S.Code Section 843(b), Count Twelve of the Superseding Indictment filed July 14, 1987.
 
 The criminal statute involved reads:
 
 6
 It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.
 
 
 7
 21 U.S.C. 843(b).
 
 
 8
 Sanchez's argument is simple. She argues that the statutory language of 21 U.S.C. Sec. 843(b) is not on its face a law "relating to a controlled substance" for purposes of charging deportability under 8 U.S.C. Sec. 1251(1)(11). She argues that Sec. 843(b) relates to nothing more than the unlawful use of a communication facility.
 
 
 9
 We regard the analysis in Chang-Salazar v. INS, 564 F.2d 302 (9th Cir.1977) as persuasive. In this case the alien was convicted of the criminal charge of knowing and intentionally using a telephone to facilitate a conspiracy to import cocaine in violation of 21 U.S.C. Sec. 843(b). The court held that a violation of Sec. 843(b) occurs only when a communication facility is utilized to facilitate the commission of a felony enumerated in subchapters I or II of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The court then determined the conspiracy was prohibited under Sec. 963.
 
 
 10
 We concur with this analysis. Section 843(b) clearly states that the gravamen of the offense is the intentional use of a telephone to commit "any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter." Sanchez was convicted of the "use of a communication facility in committing acts of possession with intent to distribute and distribution of a Schedule I controlled substance, heroin...." This is a violation of 21 U.S.C. Sec. 812, which is a felony under "this subchapter" as used in 21 U.S.C. Sec. 843(b).
 
 
 11
 Sanchez's assertion that Sec. 843(b) relates to the unlawful use of a communication facility and nothing more cannot be supported.
 
 
 12
 Sanchez argues that deportation can be devastating and we should therefore apply the narrowest of interpretations to the statutory grounds of deportation. The flaw in this argument is that the statutory language is neither ambiguous nor subject to various interpretations.
 
 
 13
 The decision of the Board of Immigration Appeals is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3