NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-1475 and 16-2830
_____

KALILOU TOURE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of Orders of the
Board of Immigration Appeals
(BIA No. A077-952-936)
Immigration Judge: Honorable Miriam K. Mills
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2017

Before: SMITH, *Chief Judge*, and HARDIMAN, KRAUSE, *Circuit Judges*.

(Filed: March 10, 2017)


_____

OPINION*
_____


KRAUSE, *Circuit Judge*.

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In these consolidated petitions, Kailou Toure seeks review of two decisions of the Board of Immigration Appeals (BIA), denying his application for cancellation of removal under 8 U.S.C. § 1229b(b) and denying his motion to reopen and reconsider. Because the Immigration Judge (IJ) applied the correct legal standard for "exceptional and extremely unusual hardship" in evaluating Toure's application for cancellation of removal, we will deny the petitions.

## I. Background

Toure is a citizen and native of Mali who entered the United States in 1997 on a B1 visitor visa, overstayed the visa, and had three children in Philadelphia. Since 2006, the custody of those children has been governed by a family court order that gives the children's mother "primary physical custody" and gives Toure "partial custody" one day per week. App. 105; *see* App. 55.

In 2008, Toure was charged as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B). He conceded removability but filed an application for cancellation of removal for a non-permanent resident under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). The parties stipulated that the only contested issue was whether Toure could meet his burden to prove "that removal would result in exceptional and extremely unusual hardship" to his U.S.-citizen children. INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D).

2

At his hearing before the IJ, Toure testified and argued that his children would suffer extreme hardship because they would be permanently separated from him. According to Toure, because of his contentious relationship with the children's mother, she would likely make efforts to further curtail Toure's custodial rights after his removal and would not permit the children to visit him in Mali. The IJ found that Toure testified credibly, but she also entered an "adverse corroboration" finding under INA § 240(c)(4)(B), 8 U.S.C. § 1229a(c)(4)(B), because Toure failed to corroborate his testimony with either testimony from the children's mother or proof that he attempted to obtain such corroboration. App. 16. Toure acknowledged before the IJ that he elected not to call the mother as a witness or even inform her that he was in removal proceedings because he believed "she would be happy to see [him] in prison," and he anticipated that "she w[ould] not say anything … that would protect [him]," but rather she would "put [him] in more trouble." App. 145.

After considering the testimony and documentary evidence, the IJ denied Toure's application, concluding that "any hardship his children will suffer does not rise to the level of exceptional and extremely unusual hardship." App. 19. The BIA affirmed without written opinion. Toure then obtained new counsel and petitioned the BIA to reopen and reconsider its decision, as well as to issue a subpoena for the testimony of the children's mother. Observing that Toure failed to proffer any evidence that was not available at the hearing before the IJ, the BIA again denied relief. He now petitions for

review of the BIA decisions affirming the denial of cancellation of removal and denying his motion to reopen and reconsider that decision.

## II.    Discussion

Before we reach the merits of Toure's petition, we address the threshold issue of our jurisdiction, which the Government asserts is lacking here. We typically have jurisdiction under INA § 242, 8 U.S.C. § 1252 to review final orders of removal by the BIA, but this statute also contains provisions that curtail our jurisdiction in certain instances. INA § 242(a)(2), 8 U.S.C. § 1252(a)(2). Because Toure seeks a discretionary form of relief, the statute relieves us of jurisdiction to review the BIA's order[1] unless he raises "constitutional claims or questions of law." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010). So certain is the Government that no legal question is presented that it styles its responsive brief as addressing the single issue of "[w]hether the Court lacks jurisdiction to review the agency's discretionary determination that Petitioner failed to demonstrate the requisite exceptional and extremely unusual hardship to a qualifying relative to qualify for cancellation of removal in the absence of a colorable constitutional claim or question of law." Resp. Br. 3–4. This is a course we have counseled against generally and that is

---

[1] While only the BIA's decision constitutes a final removal order subject to our review, we review the reasoning of the IJ's underlying decision where, as here, the BIA adopts the findings and reasoning of the IJ by affirming without written opinion. *Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir. 2007).

4

inappropriate in this case.[2]  Toure's main contention on appeal is that the IJ

misapprehended the test for "exceptional and extremely unusual hardship" and therefore

applied the wrong legal standard to conclude he was not entitled to cancellation.  That

claim presents a question of law, not simply an invitation to reweigh the evidence as the

Government would have it, and thus is a claim over which we have jurisdiction.  *See*

*Pareja*, 615 F.3d at 187–88.  Exercising that jurisdiction, however, we conclude Toure is

not entitled to the relief he seeks.

Toure presses a number of errors in the test employed by the IJ, only three of

which we may consider.  First, Toure argues that in drawing an adverse inference from

the absence of corroborating testimony, the IJ unduly focused on that omission and failed

to consider all evidence in the record concerning the harm his children may experience if

permanently separated from Toure.  *See Abdulai v. Ashcroft*, 239 F.3d 542, 549-50 (3d

Cir. 2001).  The IJ's opinion on its face shows otherwise.  The IJ expressly considered

Toure's testimony that he provides his children with financial support, food,

transportation, and religious instruction; she recognized the opportunities he has taken to

---

[2] Notwithstanding its restrictive approach to the issue presented, the government does make at least passing reference to the merits of Toure's arguments in two places.  As we have admonished previously, "when the government seeks to remove an individual from this country—a result the Supreme Court has recognized as 'a drastic measure and at times the equivalent of banishment or exile,'—it seems to us that the government has an especial obligation to explain, in the event its jurisdictional challenge fails, why the petitioner is wrong on the merits."  *Pareja*, 615 F.3d at 186 n.3 (citing *Fong Haw Tan v. Phelan,* 333 U.S. 6, 10 (1948)).  We again underscore the importance of "address[ing] every relevant, non-frivolous issue presented by the appellant or petitioner."  *Leslie v. Att'y Gen*, 611 F.3d 171, 174 n.2 (3d Cir. 2010).

visit and play, and she acknowledged the custody order and Toure's exercise of his partial custody rights. While Toure may disagree with how the IJ weighed that evidence, he has not demonstrated that the IJ failed to consider it, and we therefore perceive no legal error on this point.

Second, Toure appears to be arguing that the mother's failure to testify was an "impermissible consideration" in applying the hardship standard, particularly as the parties' hostile relationship would have precluded her voluntary appearance or favorable testimony and the BIA declined Toure's two requests to issue a subpoena. *Pareja*, 615 F.3d at 188, 195. This challenge also lacks merit. The IJ was statutorily authorized to take account of a failure to corroborate otherwise credible testimony. *See* INA § 240(c)(4)(B), 8 U.S.C. § 1229a(c)(4)(B) ("Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence."). And while Toure later requested a subpoena from the BIA, it is clear from the record that he made a strategic decision not to seek the mother's testimony—voluntary or compelled— before the IJ precisely because he anticipated it would be unfavorable. There was no error, in those circumstances, in the IJ considering and drawing an adverse inference from the mother's absence.

Finally, Toure contends that the permanence of his prospective separation from his children upon his removal compels a finding of "exceptional and extremely unusual

6

hardship" under the BIA's precedent. Toure cites to cases like *Matter of S-*, 5 I&N Dec. 409 (BIA 1953) and *Matter of U-*, 5 I&N Dec. 413 (BIA 1953), in which the BIA considered, among other things, the burden that separation would impose on family members in concluding an applicant had proven hardship. But those cases involved fact-intensive case-by-case determinations and do not support the notion that prospective permanent separation from family members per se establishes the requisite hardship. Moreover, those cases pre-dated INA amendments and BIA precedent that raised the threshold showing of hardship and superseded those historic cases. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996); *Matter of Monreal-Aguinaga*, 23 I&N. Dec. 56, 62 (BIA 2001). The hardship test employed by the IJ was thus consistent with, not contrary to, BIA precedent.

In sum, of the cognizable arguments Toure has raised in his petition for review, none demonstrates legal error in the hardship test applied by the IJ. And to the extent Toure objects to the IJ's application of that test in the weight she assigned to various

pieces of evidence, his claim is beyond our jurisdiction.  *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003).[3]

We also see no error in the BIA's denial of Toure's motion to reopen and reconsider, which Toure now challenges solely on the ground that the BIA should have granted his request to subpoena the mother's testimony.  As the BIA duly noted, a motion to reopen will only be granted if "it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1), and a motion to reconsider must cite specific errors of law or fact in the prior BIA decision with citations to relevant authority, 8 C.F.R. § 1003.2(b)(1).  Toure did not make those showings.  On the contrary, the record reflects that the mother's testimony could have been presented at the prior hearing

---

[3] Toure also raises three other arguments that we lack jurisdiction to consider because Toure failed to exhaust by raising them before the IJ or BIA.  8 U.S.C. § 1252(d)(1); *Lin v. Att'y Gen.*, 543 F.3d 114, 120 (3d Cir. 2008).  These include his contentions that the removal order "effectively" violates or "overrule[s]" the state family court custody order, Pet. Reply Br. 3; that constitutional due process protections required the IJ to give favorable—not adverse—consideration to his failure to produce the mother's testimony, Pet. Reply Br. 7; and that the BIA's interpretation of the "exceptional and extremely unusual hardship" standard, as reflected in *Matter of Monreal–Aguinaga*, 23 I. & N. Dec. 56, is "improperly harsh" because it fails to take into account historical usage of the phrase and international law regarding the integrity of the family unit, Pet. Br. 23–24.  This last contention, we note, was squarely rejected in *Pareja*, in which we considered a challenge to *Monreal-Aguinaga* and concluded that, "[g]iven IIRIRA's plain language and legislative history, there is no basis for concluding that the BIA's interpretation of the 'exceptional and extremely unusual hardship' standard is anything other than 'a permissible construction of the statute.'"  *Pareja*, 615 F.3d at 194.

and that Toure elected not to seek it because he believed that she would only "put [him] in more trouble." App. 145.

Therefore, there was no abuse of discretion in the BIA's denial of Toure's motion to reopen and no error of fact or law to which Toure points (or which we perceive) in the BIA's denial of his motion for reconsideration. *See Guo v. Ashcroft*, 386 F.3d 556, 561–62 (3d Cir. 2004); *Bejar v. Ashcroft*, 324 F.3d 127, 130 (3d Cir. 2003).

## III. Conclusion

For the foregoing reasons, we will deny Toure's petitions for review.