**Opinion filed November 21, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00223-CR

_____

## EX PARTE ROGELIO VILLEGAS DOMINQUEZ

**On Appeal from the 32nd District Court
Nolan County, Texas
Trial Court Cause No. 12318**

### M E M O R A N D U M   O P I N I O N

Appellant, Rogelio Villegas Dominquez,[1] appeals from the denial of his application for writ of habeas corpus. We affirm.

### Background Facts

Appellant seeks habeas corpus relief from a 2018 judgment of conviction for the third-degree felony offense of bail jumping and failure to appear. The record reflects that Appellant entered into a plea agreement in which he agreed to plead

---

[1]We note that the spelling of Appellant's name on the application for writ of habeas corpus and some of the other documents in the clerk's record is "Dominguez" but that the spelling is "Dominquez" on the order denying habeas relief, the indictment, and the judgment of conviction from which habeas relief is sought.

guilty to the offense of bail jumping and failure to appear in exchange for the State's agreement to dismiss a pending case against Appellant for the offense of possession of methamphetamine and to recommend that Appellant's punishment for the bail-jumping offense be assessed at eight years' confinement—probated for two years—plus a fine of $1,000. The trial court admonished Appellant, accepted his plea, found him guilty, and assessed his punishment in accordance with the terms of the plea agreement. After the conviction was added as a charge in immigration removal proceedings against Appellant, he sought habeas corpus relief pursuant to Article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). Appellant asserted in his Article 11.072 application that he received ineffective assistance of counsel with respect to the advice of his trial counsel regarding deportation and that he would have rejected the plea bargain and gone to trial instead of pleading guilty if his attorney had properly advised him of the consequences of his plea.

*Analysis*

In his sole issue on appeal, Appellant asserts that the trial court abused its discretion when it denied his application for writ of habeas corpus. Appellant contends that his plea was involuntary due to the ineffective assistance of trial counsel because trial counsel failed to correctly advise Appellant about the deportation consequences of his plea. Appellant relies upon *Padilla v. Kentucky* and its progeny as support for his contention. *See Padilla v. Kentucky*, 559 U.S. 356 (2010).

In *Padilla*, the Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 374. The Court determined that trial counsel may render ineffective assistance based upon counsel's advice, or lack thereof, concerning the deportation consequences of a guilty plea; the Court

stated that, when such consequences are "truly clear," counsel's duty to advise the defendant regarding those consequences is "equally clear." *Id.* at 369. The Court emphasized that the severity of deportation "underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." *Id.* at 373–74. The Court observed that the "drastic measure" of deportation "is now virtually inevitable for a vast number of noncitizens convicted of crimes." *Id.* at 360 (quoting *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948) (first quote)).

Under federal immigration law, a noncitizen "who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The offense to which Appellant pleaded guilty is an aggravated felony as defined by federal immigration law. *Id.* § 1101(a)(43)(T) (defining "aggravated felony" to include "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed").

When an application for writ of habeas corpus is filed pursuant to Article 11.072, the trial court is the sole factfinder. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016) (citing *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013)). We review the trial court's ruling for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An appellate court must afford almost total deference to the trial court's factual findings when those findings are supported by the record. *Torres*, 483 S.W.3d at 42.

To demonstrate that he is entitled to postconviction relief on the basis of ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence both (1) that counsel's performance was deficient, i.e., that it fell below an objective standard of reasonableness, and (2) that the applicant was prejudiced as a result of counsel's errors. *Id.* at 43; *see Strickland v. Washington*, 466 U.S. 668,

687, 693 (1984). In the context of an Article 11.072 challenge to a guilty plea, the focus of the second prong of *Strickland*—the prejudice inquiry—is on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process" and whether the applicant has shown that, but for trial counsel's errors, the applicant would not have pleaded guilty and would have insisted on going to trial. *Torres*, 483 S.W.3d at 43 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Under the prejudice inquiry in a *Padilla* situation, the applicant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 48 (quoting *Padilla*, 559 U.S. at 372). The Texas Court of Criminal Appeals noted in *Torres* that various factors have been considered by courts when addressing the prejudice inquiry in a *Padilla* situation, including the evidence supporting an applicant's assertions, the likelihood of his success at trial, the risks the applicant would have faced at trial, the benefits received from the plea bargain, and the trial court's admonishments. *Id.* (citing *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014)).

After Appellant filed the application for writ of habeas corpus in the trial court, the trial court requested that Appellant and his trial counsel submit affidavits to the trial court. *See* CRIM. PROC. art. 11.072, § 6(b). Appellant averred in his affidavit that he had met trial counsel for the first time on the day of the guilty plea; that Appellant had explained to trial counsel the circumstances surrounding his failure to appear in court, including his excuse that his truck had broken down on the way to the courthouse; that Appellant had expressed concern about his immigration status; and that Appellant had informed trial counsel that Appellant's priority was to stay in the United States. Appellant claimed that his trial counsel said that there would be no immigration consequences from accepting the plea deal offered by the State. Appellant averred that he "only pleaded guilty" because of trial counsel's

4

advice that Appellant "would not suffer any adverse immigration consequences." Appellant also stated that, if he had known that trial counsel's advice was incorrect, he "would not have pleaded guilty and would have instead insisted on going to trial."

Trial counsel likewise submitted an affidavit to the trial court; however, trial counsel's affidavit differs from Appellant's. Trial counsel indicated in his affidavit that, on the day of the plea hearing, he took Appellant and the interpreter provided by the trial court into a private room and requested that the interpreter admonish Appellant. Trial counsel averred that he advised Appellant, through the interpreter, of the immigration consequences of pleading guilty and "made certain that [Appellant] was aware that deportation was *possible* as a result of pleading guilty" (emphasis added).

The reporter's record from the plea hearing reflects that the trial court admonished Appellant that, if he was not a citizen of the United States and if he was found guilty, "it could cause you to be deported, it could affect any resident alien status, or cause you to be denied citizenship." Among the plea papers in the clerk's record is a document that was signed by Appellant and his trial counsel. That document, "PLEA ADMONISHMENT – NON-CITIZENSHIP," reads as follows:

> I, Rogelio Dominquez, Defendant in this cause of action, certify that I am a non-citizen of the United States. I affirm that my attorney has advised me of the application of federal law regarding the consequences of pleading nolo contendere or guilty in this case. By my signature below, I acknowledge that I understand the application of the federal law described below; I understand the consequences of my plea to the offense in this case; and, understanding the law and consequences of my plea, I intelligently, knowingly and voluntarily persist in my plea.
>
> The applicable federal law which has been explained to me includes, but is not limited to:
>
> [Here, the document references 8 U.S.C. ch. 12 (immigration) and 8 U.S.C. §§ 1227 (deportable aliens), 1229b (cancellation of removal;

5

adjustment of status), 1182 (inadmissible aliens) and a website address where the text of those statutes is available.]

> I further affirm that I would nevertheless persist in my plea despite the applicable federal law because my Judicial Confession entered in this case is true and because the plea recommendation in the case is both fair and acceptable to me, even if deportation, exclusion from admission to this country or denial of naturalization under federal law is guaranteed to result from it.

In this document, trial counsel indicated that, with the interpreter's help, trial counsel fully advised Appellant regarding the application of the above-referenced federal law and the consequences of his plea.

The trial court reviewed the application for writ of habeas corpus, the waivers filed, the affidavits of Appellant and his trial counsel, and the transcript of the guilty plea hearing. Based on its review of those documents, the trial court found that Appellant "was properly admonished by counsel and the Court about *possible* deportation before entering a guilty plea" (emphasis added). The trial court further found:

> Additionally, a [S]panish-speaking interpreter (Mr. Sammy Alvarez) was sworn and participated in all aspects of the plea as the Defendant spoke with counsel and the Court. Therefore, it is the finding of the Court that the Defendant was aware of *possible* deportation as he knowingly and voluntarily entered his plea of guilt to the charge of Failure to Appear.

(Emphasis added).

With respect to the first prong of the *Strickland/Padilla* analysis, we cannot determine from the record before us that trial counsel properly advised Appellant that deportation was a "presumptively mandatory" consequence, as opposed to a possibility, of his guilty plea. *Torres*, 483 S.W.3d at 44 (quoting *Padilla*, 559 U.S. at 369). The trial court's finding echoed trial counsel's affidavit in regard to Appellant having been informed that deportation was "possible." Because *Padilla*

6

requires that an attorney advise his client regarding the presumptively mandatory deportation consequences of a conviction for an "aggravated felony," *see Torres*, 483 S.W.3d at 44–45, we will move on to the second prong of *Strickland*—the prejudice prong.

Under the circumstances in this case, we cannot hold that Appellant established the prejudice prong of his claim of ineffective assistance of counsel. In light of the risk of going to trial on the multiple charges against him; the likelihood that Appellant would have been convicted of the charges against him; the relative benefit of his plea bargain, which resulted in Appellant being placed on community supervision rather than facing the possibility of a term of imprisonment for multiple felonies; and the contents of the non-citizenship plea admonishment, which was signed by Appellant and which included an acknowledgement that Appellant would have persisted in his guilty plea "despite the applicable federal law . . . even if deportation, exclusion from admission to this country or denial of naturalization under federal law is guaranteed to result from it," we conclude that the trial court did not abuse its discretion when it denied the relief sought by Appellant in his Article 11.072 application for writ of habeas corpus. It was well within the trial court's discretion to determine that Appellant failed to show that trial counsel's performance, even if constitutionally ineffective, affected the outcome of the plea process and that, if trial counsel had properly admonished Appellant, Appellant would not have pleaded guilty and would have insisted on going to trial. *See Torres*, 483 S.W.3d at 43 (citing *Hill*, 474 U.S. at 59). Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We cannot conclude that the trial court abused its discretion when it denied Appellant's application for writ of habeas corpus. Accordingly, we affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

November 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.