# In re Sergio Manolo PINEDA-Castellanos, Respondent

## File A40 417 311 - Arlington

*Decided August 26, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Section 348(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639 ("IIRIRA"), enacted on September 30, 1996, amended section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (1994), to add restrictions precluding a grant of a waiver to any alien admitted as a lawful permanent resident who either has been convicted of an aggravated felony since the date of admission or did not have 7 years of continuous residence prior to the initiation of immigration proceedings.

(2) Section 348(b) of the IIRIRA provides that the restrictions in the amendments to section 212(h) of the Act apply to aliens in exclusion or deportation proceedings as of September 30, 1996, unless a final order of deportation has been entered as of such date.

(3) An aggravated felon who had a final administrative order of deportation as of September 30, 1996, would be subject to the restrictions on eligibility for a section 212(h) waiver if his proceedings were thereafter reopened; therefore, his motion to reopen deportation proceedings to apply for adjustment of status in conjunction with a section 212(h) waiver was properly denied.

FOR RESPONDENT: Richard S. Bromberg, Esquire, Washington, D.C.

BEFORE: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, and MATHON, Board Members. Dissenting Opinion: GUENDELSBERGER, Board Member, joined by SCHMIDT, Chairman, and ROSENBERG, Board Member.

HOLMES, Board Member:

The respondent appeals from the October 30, 1996, decision of an Immigration Judge, which denied his motion to reopen deportation proceedings. The respondent sought reopening of proceedings to apply for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1994), in conjunction with a waiver of excludability under section 212(h) of the Act, 8 U.S.C. § 1182(h) (1994). The appeal will be dismissed.

The respondent is a 36 year-old native and citizen of Guatemala. He entered the United States as a lawful permanent resident in December 1987

based on his marriage to his present wife. On November 8, 1991, he was convicted in the Circuit Court of Fairfax County, Virginia, of two counts of robbery and two separate counts of use of a firearm in the commission of a felony. He was sentenced to confinement for a period of 22 years for these offenses.

Deportation proceedings were instituted against the respondent in November 1992. On July 26, 1993, the respondent was found deportable under section 241(a)(2)(A)(i) of the Act, 8 U.S.C. § 1251(a)(2)(A)(i) (1994), based on his conviction for crimes involving moral turpitude, and deportable under section 241(a)(2)(A)(iii) of the Act, based on his "aggravated felony" convictions. The respondent was ordered deported to Guatemala. No appeal was taken from the decision of the Immigration Judge. Thus, the respondent was subject to a final administrative order of deportation on July 26, 1993.

The respondent's wife became a naturalized citizen of the United States on December 17, 1993. Over 2 years later, she filed an immediate relative visa petition on his behalf. The petition was approved by the Immigration and Naturalization Service on June 6, 1996. On August 20, 1996, the respondent filed the motion to reopen deportation proceedings with the Immigration Judge, seeking the opportunity to apply for adjustment of status under section 245 of the Act in conjunction with a waiver of excludability under section 212(h).

On October 30, 1996, the Immigration Judge denied the respondent's motion to reopen. The Immigration Judge concluded that the respondent was not eligible for a waiver of excludability under section 212(h) of the Act, *as amended by* section 348 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639 ("IIRIRA"), and that he therefore could not demonstrate prima facie eligibility for adjustment of status. The IIRIRA amendment to section 212(h) relied upon by the Immigration Judge added the following sentence to that section of law:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

Section 348(a) of the IIRIRA.

Section 348(b) of the IIRIRA in turn provided that this newly added sentence in section 212(h) of the Act "shall be effective on the date of enactment of [the IIRIRA] and shall apply in the case of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date." The date of enactment of the IIRIRA was September 30, 1996.

The respondent appeals from this decision of the Immigration Judge. He does not dispute that he was convicted of an aggravated felony after his admission as a lawful permanent resident. However, citing the language of section 348(b) of the IIRIRA, he argues that he would not be subject to the amendments to section 212(h) made by section 348(a) of the IIRIRA if his deportation proceedings were reopened because he was under an administratively final order as of the date of enactment of the IIRIRA. Because we disagree with the respondent's contention that he would not be subject to the new restrictions in section 212(h) of the Act if his deportation proceedings were reopened, his appeal will be dismissed.

It is clear that Congress intended the new restrictions on waivers of relief to aggravated felons, which was added to section 212(h) of the Act by section 348(a) of the IIRIRA, to have immediate effect. The new restrictions were made effective on the date of enactment of the IIRIRA. And, the restrictions were made applicable to all pending cases that had not already been concluded by an administratively final order as of that date. Section 348(b) also makes clear that the new restrictions would not apply to the case of any alien that had been brought to administrative finality as of the date of enactment of the IIRIRA; thus, precluding an administratively final grant of a section 212(h) waiver that predated the enactment of the IIRIRA from being called into question by the new restrictions in section 212(h).[1] The question before us, however, is whether an alien who was under an administratively final order of deportation as of the date of enactment of the IIRIRA can have his proceedings *reopened* to seek a section 212(h) waiver, when that reopening would render the Immigration Judge's order nonfinal and turn the alien's case back into a pending proceeding, without also becoming subject to the new restrictions in section 212(h) of the Act that otherwise apply to those in deportation proceedings after September 30, 1996.

The language of section 348(b) of the IIRIRA is in the conjunctive. It clearly provides that the section 348(a) amendments are effective as of the date of enactment of the IIRIRA. It separately makes clear that these new restrictions apply to all then-pending cases unless they had been brought to an administratively final resolution as of that date, thus explicitly resolving the question of retroactivity such as arose in conjunction with earlier amendments to section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). *See Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996; A.G. 1997). However, the language of

---

[1] For example, an alien in deportation proceedings can be granted a waiver under section 212(h) of the Act in an administratively final order of an Immigration Judge that predates the alien's actual adjustment of status. The effective date language of section 348(b) of the IIRIRA makes clear that the prior grant of a waiver under section 212(h) remains valid even in the face of the intervening change of law. Similarly, it is clear the Service could not move to reopen and reconsider an Immigration Judge's grant of a section 212(h) waiver to an alien in exclusion or deportation proceedings based on the IIRIRA amendments so long as the Immigration Judge's order was administratively final on the effective date of the IIRIRA.

section 348(b) of the IIRIRA does not provide that aliens can have their deportation or exclusion proceedings reopened after the effective date of the IIRIRA to seek waivers under section 212(h), and then not be subject to the new restrictions in section 212(h) that were otherwise effective immediately upon enactment of the IIRIRA. Such a reading of the language of section 348(b) of the IIRIRA is not required by its plain meaning and would lead to nonsensical results.[2] The language of section 348(b) is most reasonably read as making immediately effective the amendments to section 212(h); as applying the amendments to all pending cases, except those already brought to final administrative resolution (thus, protecting any administratively final grants of waivers under 212(h) that predated the effective date of the IIRIRA); but not as permitting aliens under final orders of deportation or exclusion as of the date of enactment of the IIRIRA to have their proceedings thereafter reopened to seek relief under section 212(h) without being subject to the new restrictions on relief.

If the respondent's deportation proceedings were reopened, thus rendering his deportation order no longer administratively final, we would find him statutorily ineligible for a waiver under section 212(h) of the Act because of his aggravated felony convictions after his admission to this country as a lawful permanent resident. Therefore, we do not find that the Immigration Judge erred in denying the respondent's motion to reopen. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[2] For example, under the reading of the law urged by the respondent, an alien under a final deportation order on June 30, 1996, who *thereafter* married and was convicted of an aggravated felony, could seek to reopen proceedings and apply for adjustment of status in conjunction with a waiver under section 212(h) of the Act without being subject to the restrictions added to section 212(h) by section 348(a) the of IIRIRA. However, an alien whose marriage and identical offense long *predated* the passage of the IIRIRA and who already had been found to merit a waiver under section 212(h) by an Immigration Judge, but whose grant of relief was on appeal to the Board on the date of enactment of the IIRIRA, was clearly immediately rendered ineligible for relief by the amendment to section 212(h). More specifically, if this respondent's wife had petitioned for him years earlier and he had been subject to an Immigration Judge's grant of a section 212(h) waiver that had been on appeal to the Board at the time of enactment of the IIRIRA, rather than his actual circumstance of having been subject to a final order of deportation on that date, the respondent's reading of section 348(b) of the IIRIRA would have placed him in a *worse* position. The fact that a reading of a statutory provision could lead to seemingly arbitrary and capricious results is not in itself determinative of the issue of statutory interpretation, but it can be a matter to be considered in one's analysis of the meaning of particular words. And, this is not a case where we find the words in section 348(b) of the IIRIRA, *as regards reopened proceedings*, to have the plain meaning urged by the respondent and the dissent. *Compare Matter of Fuentes*, 21 I&N Dec. 905 (BIA 1997); *see also K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (stating that the particular statutory language at issue, as well as the language and design of the statute as a whole, should be considered in ascertaining the plain meaning of a statute).

*DISSENTING OPINION*: John W. Guendelsberger, Board Member, joined by Paul W. Schmidt, Chairman, and Lory D. Rosenberg, Board Member.

I respectfully dissent.

This appeal involves plain statutory language and undisputed facts. The statute at issue provides an exception to the aggravated felony bar to relief under section 212(h) of the Immigration and Nationality Act in the event that a final administrative order in exclusion or deportation proceedings has been entered as of September 30, 1996. *See* section 348 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639 ("IIRIRA") (to be codified at 8 U.S.C. § 1182(h)).[1] The respondent was in deportation proceedings "as of" September 30, 1996.[2] A final administrative order was entered in these proceedings as of July 26, 1993, when the respondent was ordered deported to Guatemala. That final order remained in effect on September 30, 1996.[3] Thus, the aggravated felony bar does not preclude this respondent from the opportunity to reopen proceedings to apply for section 212(h) relief.

Where the language of a statute is clear, as it is here, the unambiguously expressed intent of Congress must be given effect. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984); *Matter of Fuentes-Campos*, 21 I&N Dec. 905 (BIA 1997). The legislative purpose is generally expressed by the ordinary meaning of the words used when

---

[1] Section 348(a) of the IIRIRA amended section 212(h) of the Act to provide:

No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

Section 348(b) of the IIRIRA provides that section 348(a) of the IIRIRA "shall be effective on the date of the enactment of [the IIRIRA] and shall apply in the case of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date."

[2] On September 30, 1996, the date of enactment of the IIRIRA, the respondent was "in deportation proceedings," both by virtue of his filing of the instant motion to reopen on August 20, 1996, and by his continued presence in the United States despite an outstanding order of deportation. *See* 8 C.F.R. § 3.2(c) (1997); *see also* 8 C.F.R. § 204.2(a)(1)(iii)(B)(1) (1997) (concerning termination of proceedings for purposes of visa petitions based on marriage during deportation proceedings).

[3] As of September 30, 1996, the respondent had not appealed from the Immigration Judge's July 26, 1993, order; nor had that decision been certified to the Board. Except when certified to the Board, the decision of an Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken, whichever occurs first. 8 C.F.R. § 3.39 (1997); *see also Hernandez-Rodriguez v. Pasquarell*, 118 F.3d 1034 (5th Cir. 1997)(holding that a determination of exclusion or deportability becomes a final administrative order at the time the Board renders its decision and remains a final order upon filing of a motion to reopen).

considered in harmony with the wording and design of the statute as a whole. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *Matter of Fuentes-Campos, supra.*

The majority in this case purports to find a dichotomy in the statutory language which leads to its narrow construction of the statute. It does so by announcing that the statute "makes clear" that the aggravated felony restriction does not apply to administratively final *grants* of section 212(h) relief made prior to the date of enactment of the IIRIRA. It then defines the issue in this case as whether the section 348(b) exception *also* applies to situations other than grants of section 212(h) relief.

The problem with this analysis is that the statute makes no distinction between final administrative orders involving grants of section 212(h) relief and other final administrative orders. As discussed below, while it is important to consider the goals of legislation in construing a statute, neither courts nor administrative agencies may ignore plain language to better achieve perceived legislative objectives.

In section 348(b), Congress established a date by which the aggravated felony bar would apply to applications for section 212(h) relief and established a clear exception for a category of cases in which final orders had been entered prior to the enactment date. The majority has pointed to nothing in the scheme of the statute or in the legislative history which convincingly indicates that Congress intended to narrow the meaning of the expression "final administrative order . . . entered as of [September 30, 1996]" to encompass only such orders containing a grant of section 212(h) relief.

The majority supports its narrow interpretation of section 348(b) by suggesting "nonsensical" scenarios which might otherwise arise. It notes, for example, that a respondent would be ineligible for section 212(h) relief if his case were on appeal to the Board on the date of enactment of the IIRIRA while another respondent with a final order of deportation on September 30, 1996, could seek reopening for section 212(h) relief even if the conviction for which he seeks a waiver, the qualifying marriage, and the motion to reopen all occur after September 30, 1996. Under recently enacted regulations, however, motions to reopen must be filed within 90 days of a final order of deportation. *See* 8 C.F.R. § 3.2(c)(2)(1997). Thus the likelihood that conviction, marriage, and reopening could all occur in the 90 days after September 30, 1996, is extremely remote.

Whenever Congress cuts off relief formerly available, arguably arbitrary or inequitable results may be produced. For example, the IIRIRA section 348 amendment applies the aggravated felony bar to aliens "previously admitted for permanent residence" but does not apply the aggravated felony bar to an alien seeking admission as a permanent resident for the first time. This distinction drawn by Congress places some aliens who have lived in the United States for many years in a less advantageous situation than an alien seeking admission for the first time. The Supreme Court of the United States may

strike such lines as beyond constitutional bounds when they lack a rational basis or are wholly arbitrary. That task, however, is not one within our authority. Even in the courts, the task of legislative interpretation is to apply the statute as written, not "improve" upon it. *See Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126 (1989). If something was overlooked or unwisely drafted, it remains the responsibility of Congress to amend the alleged defect.

Nor has the majority argued that the arbitrariness it identifies in the statute is so absurd that Congress "must have" intended something else. *See Matter of Fuentes-Campos, supra*, at 912, and cases discussed therein. In *Matter of Fuentes-Campos*, the Board noted that the failure of Congress to bar relief for *excludable* criminal aliens which it had barred in the case of *deportable* criminal aliens may have been due to legislative oversight. The Board ruled, however, that "[i]dentifying a shortcoming in section 440(d)—some but not all of the criminal alien population will be denied the opportunity to apply for a section 212(c) waiver—is significantly different from concluding that the provision is so illogical that Congress 'must have' intended something else." *Id*. at 912. In such a situation, the Board concluded, it was not at liberty to rewrite the statute. *Id*. at 912.

Here, however, the majority has, in effect, rewritten the plainly worded phrase "final administrative order" found in section 348(b) of the IIRIRA to read "final administrative order granting relief under section 212(h) of the Act." In thus "improving" the statute, the Board performs a legislative function entrusted to another branch of government.

The majority attempts to distinguish *Matter of Fuentes-Campos, supra*, by noting that there the language was clear and here it is not. Even were the language of section 348(b) ambiguous, the Supreme Court has repeatedly held that traditional principles of statutory construction require the interpretation of ambiguity in a deportation statute in favor of the alien. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987), (discussing "the longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien"); *Costello v. INS*, 376 U.S. 120, 128 (1964); *Kessler v. Strecker*, 307 U.S. 22, 30 (1939). As the Court stated in *Costello v. INS, supra*, "'[t]o construe this statutory provision less generously to the alien might find support in logic. But since the stakes are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the words used.'" *Id*. at 128 (quoting *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948)).

The majority makes no claim that its preferred reading is the only possible reading of the provision at issue. It claims that its reading is the better reading. But that approach, impermissible in any legislative context, is particularly untenable when construing a statute which cuts off relief from deportation.

A final administrative order had been entered in these proceedings as of September 30, 1996. Therefore, by the plain terms of section 348(b), the addition to section 212(h) of the Act made by section 348(a) of the IIRIRA does not apply to this respondent. Accordingly, I would sustain the appeal, grant the motion to reopen, and remand the record to the Immigration Judge for consideration of the respondent's applications for relief and the entry of a new decision.