**Everts Oniel Chanaka SILVA,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States Depart-**

ment of Justice,[1] Respondent.

No. 07–3176–ag.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Bruno J. Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Everts Oniel Chanaka Silva, a native and citizen of Sri Lanka, seeks review of a July 20, 2007 order of the BIA denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), cancellation of removal, waiver of inadmissibility under INA § 212(h), and adjustment of status. *In re Everts Oniel Chanaka Silva a.k.a. Julius Silva a.k.a. Everts O.C. Silva a.k.a. Chanaka Silva*, No. A45 297 377 (B.I.A. Sept. 27, 2007), *aff'g* No. A45 297 377 (Immig. Ct. N.Y. City Feb. 7, 2007) We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the decision of the IJ and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court generally reviews the agency's factual findings under the substantial evidence standard. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, this Court lacks jurisdiction to review the factual determinations underlying a final order of removal against an alien who, like Silva, is inadmissible because he has been convicted either of a crime of moral turpitude within five years of his arrival in the United States or of two crimes of moral turpitude not arising from a single scheme of criminal conduct. 8 U.S.C. § 1252(a)(2)(C). This Court nonetheless does retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ As an initial matter, Silva raises numerous arguments challenging the agency's finding that he was removable based on: 1) his conviction of a crime involving moral turpitude within five years of his arrival in the United States; and 2) his conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. However, Silva failed to exhaust the issue of his removability by raising the issue to the BIA in his first appeal. Accordingly, we

decline to address Silva's arguments contesting his removability. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (finding that petitioner had failed to exhaust his claim that his manslaughter conviction should not qualify as an aggravated felony). Moreover, Silva has abandoned his claims for withholding of removal, CAT protection, and cancellation of removal, before the BIA and this Court, and we deem those claims waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Silva challenges the procedural fairness of his removal proceedings on several grounds. We retain jurisdiction under the REAL ID Act to consider constitutional claims, including Silva's arguments that the conduct of his proceedings violated his right to due process. *See Peter Conrad Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir.2008).

■ Silva's argument that his right to due process was violated by the agency's failure to provide a complete transcript of his proceedings, as well as a complete set of exhibits, is meritless. Given the fact that Silva's briefs to both the BIA and this Court quote extensively from the purportedly missing section of the transcript, he has not established that he suffered the prejudice necessary to state a due process claim based on an incomplete transcript. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir.2006); *Kheireddine v. Gonzales*, 427 F.3d 80, 84 (1st Cir.2005).

■ Furthermore, we reject Silva's argument that the integrity of his removal proceedings was compromised by the rudeness and hostility of IJ Vomacka. Although IJ Vomacka may at times have been intrusive or sarcastic towards some of Silva's witnesses, especially his probation officer, his behavior did not rise to a level of inappropriateness that threatened the fundamental fairness of the proceedings.

Finally, we address Silva's arguments that the IJ erred in finding that he was not statutorily eligible for either asylum or a section 212(h) waiver of inadmissibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 327–29 (2d Cir.2006)(finding that a determination regarding an alien's statutory eligibility for discretionary relief raised a question of law over which this Court has jurisdiction); *Harjinder Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir.2006)(holding that the agency's finding that an alien was not statutorily eligible for adjustment of status raised a question of law that this Court has jurisdiction to review).

■ The IJ did not err in finding that the burning of Silva's grandfather's house and the attack on his family's home by a "Sinhalese mob" that threw rocks, while undoubtedly frightening to a small child as Silva was at the time, were insufficient to rise to the level of persecution. *Cf. Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006). Furthermore, the IJ reasonably found that Silva did not have a well-founded fear of future persecution where he was not readily identifiable as Tamil, had been living outside of Sri Lanka since he was six years old, and had presented no evidence that any potential persecutors in Sri Lanka had any continuing interest in him or even an awareness of who he was. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 185 (2d Cir.2006) (emphasizing that an asylum applicant bears the burden of establishing that he has a well-founded fear of future persecution). Silva's argument that the agency failed to consider relevant country conditions reports is unavailing. An IJ is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by

the petitioner." *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

■ Moreover, the IJ properly found that Silva was statutorily ineligible for a waiver of inadmissibility because he had not accrued the required 7 years of continuous lawful residency prior to the initiation of immigration proceedings. 8 U.S.C. § 1182(h); *Matter of Pineda,* 21 I. & N. Dec. 1017, 1018 (BIA 1997).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).