# MATTER OF D-

## In Deportation Proceedings

## A-41483959

*Decided by Board June 24, 1994*

(1) Under Massachusetts law, an indeterminate sentence of imprisonment is considered to be a sentence for the maximum term imposed, so that convictions for armed robbery, assault and battery with a dangerous weapon, and assault with a dangerous weapon were for aggravated felonies under section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (Supp. V 1993), as each was a crime of violence for which the alien had a sentence imposed of 5 years or more.

(2) As aggravated felonies, such convictions rendered the alien statutorily ineligible for asylum under section 208(d) of the Act, 8 U.S.C. § 1158(d) (Supp. V 1993) and further for withholding of deportation under section 243(h) of the Act, 8 U.S.C. § 1253(h) (1988 & Supp. V 1993) and 8 C.F.R. § 208.16 (1994), since they also constituted convictions for particularly serious crimes.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(ii) [8 U.S.C. § 1251(a)(2)(A)(ii)]—Crimes involving moral turpitude

Lodged: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Sean H. Keenan
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members

ORDER:

PER CURIAM. The appeal is dismissed. The request for oral argument is denied. We have reviewed the record in this case and have considered the respondent's contentions as advanced on his Notice of Appeal (Form EOIR-26) with attachment filed on November 18, 1993, and in his appeal brief filed on January 25, 1994. In an oral decision dated November 18, 1993, an immigration judge found the respondent deportable as charged, pretermitted his applications for relief from

deportation, and ordered him deported from the United States to Haiti.

In her decision, the immigration judge first determined that the respondent was deportable as charged in the Order to Show Cause and Notice of Hearing (Form I-221) issued on February 26, 1993, under section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(ii) (Supp. V 1993), as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, and as charged in the lodging document issued on September 29, 1993, under section 241(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony. These charges are based on the crimes reflected in certified photocopies of conviction documents, which show that on December 17, 1992, the respondent was convicted upon guilty pleas in the Suffolk Superior Court, Boston, Massachusetts, of the following crimes: assault and battery with a dangerous weapon under Mass. Gen. L. ch. 265, § 15A(b), which offense was committed on March 18, 1992; three counts of assault with a dangerous weapon under Mass. Gen. L. ch. 265, § 15B(b), which offenses were committed on March 18, 1992; and armed robbery under Mass. Gen. L. ch. 265, § 17, which offense was committed on March 29, 1992. For the armed robbery, which involved the use of a handgun, the respondent was sentenced to a prison term of a maximum of 7 years and a minimum of 4 1/2 years. He received an identical sentence for the assault and battery, which involved the use of a knife. For each of the three counts of assault, which involved the use of a machete, the respondent was sentenced to a prison term of a maximum of 5 years and a minimum of 4 years. The five sentences were to run concurrently.

Next in her decision, the immigration judge pretermitted any application by the respondent for asylum and withholding of deportation, noting that his convictions for the armed robbery offense, the assault and battery offense, and the assault offenses were for aggravated felonies under section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. V 1993), in that they were crimes of violence for which the respondent had a sentence imposed of 5 years or more, and noting that such convictions for aggravated felonies also were for particularly serious crimes.[1]

---

[1] Under section 208(d) of the Act, 8 U.S.C. § 1158(d) (Supp. V 1993), an alien who has been convicted of an aggravated felony is statutorily ineligible for asylum and, further, is statutorily ineligible for withholding of deportation under section 243(h) of the Act, 8 U.S.C. § 1253(h) (1988 & Supp. V 1993), and under 8 C.F.R. § 208.16 (1994) because such conviction for an aggravated felony also constitutes a conviction for a particularly serious crime. See Matter of C-, 20 I&N Dec. 529 (BIA 1992); Matter of K-, 20 I&N Dec. 418 (BIA 1991); Matter of U-M-, 20 I&N Dec. 327 (BIA 1991), aff'd, 989

In upholding the immigration judge's pretermission of any application for asylum and withholding of deportation, we observe that the respondent received an indeterminate sentence for each of his crimes. The highest court of Massachusetts has adopted the position that an indeterminate sentence is considered to be a sentence for the maximum term imposed. *See Campbell v. Commonwealth*, 162 N.E.2d 262 (Mass. 1959) (holding that indeterminate sentence, the maximum length of which was 5 years, was to be taken as a sentence for 5 years); *see also Rodrigues v. INS*, 994 F.2d 32 (1st Cir. 1993) (*citing Campbell v. Commonwealth, supra*). This view is consistent with the rulings of federal courts regarding the measurement of an indeterminate sentence. *See, e.g., Rodrigues v. INS, supra; Baughman v. United States*, 450 F.2d 1217 (4th Cir. 1971), *cert. denied*, 406 U.S. 923 (1972); *King v. United States*, 98 F.2d 291 (D.C. Cir. 1938); *United States ex rel. Paladino v. Commissioner*, 43 F.2d 821 (2d Cir. 1930); *Roccaforte v. Mulcahey*, 169 F. Supp. 360 (D. Mass.), *aff'd per curiam*, 262 F.2d 957 (1st Cir. 1958). Moreover, it is consistent with the precedent decisions of this Board. We held in *Matter of Chen*, 10 I&N Dec. 671 (BIA 1964), that an indeterminate sentence was a sentence for the maximum term in accordance with the position taken by California courts, in concluding that a respondent's sentence to imprisonment for 6 months to 10 years under California law was a sentence to confinement for a year or more within the meaning of section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4) (1964).[2] *See also Matter of Ohnhauser*, 10 I&N Dec. 501 (BIA 1964); *Matter of R-*, 1 I&N Dec. 540 (BIA 1943); *Matter of R-*, 1 I&N Dec. 209 (BIA 1942). In line with the foregoing, we find that in this case the respondent was sentenced to a prison term of at least 5 years for each of his offenses.

Additionally, the immigration judge pretermitted any application by the respondent for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993), noting that the respondent's period of lawful permanent residence dating from 1988 fell short of the requisite 7 years.

---

F.2d 1085 (9th Cir. 1993). Section 208(d) of the Act was enacted by section 515 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5053 (enacted Nov. 29, 1990), and is applicable to asylum applications filed on or after the date of enactment. *See Matter of U-M-, supra*. Section 243(h) of the Act was amended by section 603(b) of the Immigration Act of 1990, 104 Stat. at 5085. Section 603(b), pertaining to deportation grounds, is applicable to deportation proceedings where notice was given to the alien on or after March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

[2] Section 241(a)(4) of the Act was revised and redesignated as section 241(a)(2)(A) of the Act by section 602 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5079-80.

On appeal, the respondent makes several arguments. He contends that he is eligible to apply for relief from deportation, including a waiver, because although he has been convicted of an aggravated felony, he has not served 5 years in prison for it. He asserts that he is eligible for a waiver under section 212(h) of the Act because he has a lawful permanent resident father and a United States citizen child. He urges that he will face extreme hardship if deported to Haiti because he has family members in the United States but none in that country. He maintains that his deportation hearings were unfair for two reasons. First, after his final hearing was rescheduled from November 17, 1993, to November 18, 1993, he was unable to present witnesses whose testimony could have resulted in a different decision. Second, his motion for an interpreter was not granted, and he and his would-be witnesses were uncomfortable testifying in English due to their limited understanding of that language.

With respect to the immigration judge's pretermission of the respondent's application for a section 212(c) waiver, we agree with her determination on the basis that the respondent lacks the necessary 7 years of lawful permanent residence. We recognize that section 212(c) in its last sentence provides that relief thereunder is unavailable to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years. However, such was not the ground relied upon by the immigration judge when she pretermitted the respondent's section 212(c) waiver application.

With respect to the contention on appeal that the respondent qualifies for a section 212(h) waiver of excludability, we find that the respondent has not established that he is eligible for such relief. The respondent has presented no evidence that he is eligible for a visa or even has applied for a visa or adjustment of status so as to fulfill the requirements of section 212(h) of the Act. He has not identified anyone who could file a visa petition on his behalf which would lead to his eligibility for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1988). *See Matter of K-L-*, 20 I&N Dec. 654 (BIA 1993), *aff'd*, 12 F.3d 1102 (8th Cir. 1993).

With respect to the contention regarding the extreme hardship to be faced by the respondent upon his deportation, we observe that the respondent, who is deportable under section 241(a)(2)(A)(ii) of the Act, is statutorily ineligible for suspension of deportation under section 244(a)(2) of the Act, 8 U.S.C. § 1254(a)(2) (Supp. V 1993), and for voluntary departure under section 244(e) of the Act, because he is precluded from establishing the requisite good moral character for the respective 10-year and 5-year periods, due to his commission in 1992 of the acts underlying his convictions, which are for crimes involving moral turpitude. The respondent also is statutorily ineligible for

voluntary departure under section 244(e)(2) of the Act, as an alien deportable under section 241(a)(2)(A)(iii) of the Act based on his 1992 convictions for aggravated felonies. Thus, we need not consider whether the respondent has demonstrated extreme hardship to himself or a qualifying relative, which is required under section 244(a)(2) of the Act. We note that the respondent has not demonstrated eligibility for any other form of relief from deportation.

Finally, we turn to the allegations concerning the unfairness of the respondent's deportation hearings. We observe that in deportation proceedings an alien has not been given a fair hearing only if he has been prejudiced by some deficiency so as to deprive him of due process. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469-70 (9th Cir. 1986); *Nicholas v. INS*, 590 F.2d 802, 810 (9th Cir. 1979); *Martin-Mendoza v. INS*, 499 F.2d 918 (9th Cir. 1974), *cert. denied*, 419 U.S. 1113 (1975). We observe also that in administrative deportation proceedings, the Federal Rules of Evidence are not controlling. *Matter of Velasquez*, 19 I&N Dec. 377 (BIA 1986); *see also Martin-Mendoza v. INS, supra; Matter of Grijalva*, 19 I&N Dec. 713 (BIA 1988). Pursuant to applicable regulations, an immigration judge "may receive in evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial." 8 C.F.R. § 242.14(c) (1994). Furthermore, an immigration judge has the discretion to "exclude from the record any arguments made in connection with ... applications." 8 C.F.R. § 242.15 (1994). A respondent's rights to present evidence and to confront the evidence against him are not absolute but are circumscribed by the due process concept of reasonableness. *See* section 242(b) of the Act, 8 U.S.C. § 1252(b) (Supp. V 1993); *see also Marroquin-Manriquez v. INS*, 699 F.2d 129, 135 (3d Cir. 1983), *cert. denied*, 467 U.S. 1259 (1984); *Matter of Velasquez, supra*.

In stating that he was unable to have certain witnesses in attendance due to the rescheduling of his hearing, the respondent apparently contends that he should have been granted a continuance so that the witnesses could appear to testify on his behalf. However, the record reflects that at the second hearing on November 18, 1993, the immigration judge inquired of the respondent whether he would like an additional period of at least 14 days to prepare his case, given that he had been charged with an additional ground of deportability under section 241(a)(2)(A)(iii) of the Act by means of the lodging document issued on September 29, 1993. The respondent replied that he would waive that period of time. When asked by the immigration judge whether he wanted to go forward with the hearing, the respondent said, "Yes." Based on the record, we find that ample testimonial and

documentary evidence was presented on the issues of the respondent's deportability and eligibility for relief from deportation.

Further, the respondent contends that the immigration judge erred in failing to grant his motion for an interpreter, apparently asserting that he wanted an interpreter for himself, as well as for any witnesses. In the record is the respondent's request for a Creole interpreter for planned witnesses, which request is dated October 28, 1993, and was denied by the immigration judge on November 8, 1993. As previously discussed, no witnesses attended the respondent's hearings. The record does not reflect that the respondent ever requested an interpreter for himself. To the contrary, when asked by the immigration judge at the outset of his first hearing whether he spoke English, he replied, "Yes, ma'am." A review of the transcript does not reveal that the respondent experienced any difficulties in communicating at the hearings or in comprehending them. Moreover, the respondent's competency in English is conveyed by the numerous written statements that he has submitted both to the immigration judge and on appeal. Thus, there is no evidence that the respondent was unable to meaningfully participate in his deportation proceedings. *See Matter of Tomas*, 19 I&N Dec. 464 (BIA 1987); *Matter of Exilus*, 18 I&N Dec. 276 (BIA 1982).

Given the aforementioned circumstances, we find that the immigration judge acted properly in going forward with the final hearing even though no witnesses were present, in denying the request for an interpreter, and in holding the hearings in English without an interpreter. The respondent thus has not shown any deficiency in his hearings. We conclude, particularly in view of the respondent's failure to demonstrate eligibility for any relief from deportation, that the respondent has not proven that his hearings were unfair, inasmuch as he has not shown any prejudice resulting from a deficiency in the manner in which they were held. *See Vides-Vides v. INS, supra; Nicholas v. INS, supra; Martin-Mendoza v. INS, supra.*

Accordingly, we affirm the decision of the immigration judge.