**Martina Francisca LAFARGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70057.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 1999. [1]

Decided March 23, 1999.

Amended April 5, 1999.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Wendy S. LeStarge, Stender & Larkin, Phoenix, Arizona, for the petitioner.

Jane Gomez, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

Before: PREGERSON, BEEZER, and HAWKINS, Circuit Judges.

PREGERSON, Circuit Judge:

Martina Francisca Lafarga ("Lafarga") appeals a decision of the Board of Immigration Appeals ("BIA") that denied her request for voluntary departure. Lafarga, a citizen of Mexico, entered the United States without inspection in December 1989. Lafarga's husband and four children, all United States citizens, reside in the United States. On December 20, 1993, Lafarga pleaded guilty in Arizona to theft classified as a "class 6 undesignated, nondangerous, nonrepetitive offense." Lafarga was placed on probation for 18 months. After Lafarga successfully completed probation, the court, in its final judgment, designated her offense as a misdemeanor.

On November 27, 1995, an immigration judge determined that Lafarga's theft statutorily precluded the Immigration and Naturalization Service ("INS") from granting her request for voluntary departure. The immigration judge determined that Lafarga failed to meet the "good moral character" eligibility requirement for voluntary departure because she had been convicted of a "crime involving moral turpitude." 8 U.S.C. § 1254(e); 8 U.S.C. § 1182(a)(2). The immigration judge determined that Lafarga's conviction did not qualify under the statutory exception for petty offenses. The petty offense exception applies if "the maximum penalty possible for the crime of which the alien was convicted ... did not exceed imprisonment for one year and ... the alien was not sentenced to a

term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

The BIA affirmed. The BIA reasoned that Lafarga's offense, which was undesignated at the time of conviction, was "akin to an indeterminate sentence." The BIA relied on *Matter of D-*, 20 I & N Dec. 827 (BIA 1994), which held that when applying the petty offense exception to an indeterminate sentence, the BIA should consider the maximum sentence possible. Because Lafarga's offense could have been designated as either a felony (with a maximum sentence of one and one half years) or a misdemeanor (with a maximum sentence of six months), the BIA concluded that a designation of her offense as a felony would put her offense outside the petty offense exception and denied Lafarga's request for voluntary departure in lieu of deportation. We grant Lafarga's petition, vacate the judgment and remand.

## I.

■ The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") govern Lafarga's petition.[2] Under the transitional rules, we are precluded from reviewing "any discretionary decision under section ... 244 of the [Immigration and Naturalization Act ("INA") ]." IIRIRA § 309(c)(4)(E). Section 244 of the INA gives the Attorney General discretion to grant an alien the privilege of voluntary departure. *See* 8 U.S.C. § 1254(c) (1996) (codifying INA § 244). But "[a]s to those elements of statutory eligibility, which do not involve the exercise of discretion, direct judicial review remains." *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

■ The issue before us is whether the BIA correctly determined that Lafarga was statutorily ineligible for voluntary departure because she failed to meet the good moral character requirement. We noted in *Kalaw* that a "determination of per se ineligibility is not a discretionary matter." *Id.* at 1151. Because the application of a statutory provision is not a "discretionary decision," but rather, an application of the law, the court has jurisdiction under 8 U.S.C. § 1105(a).

*See Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 & n. 3 (9th Cir.1998).

## II.

■ We are asked to consider whether the BIA correctly applied the statutory requirements of the petty offense exception set forth in 8 U.S.C. § 1182(a)(2)(A)(ii). We review an agency's application of a statute de novo. *See Braun v. INS*, 992 F.2d 1016, 1018 (9th Cir.1993). The INA statutorily precludes an alien convicted of a "crime involving moral turpitude" from meeting the good moral character requirement for voluntary departure. 8 U.S.C. § 1182(a)(2). But an exception exists for crimes that were only petty offenses: that is, where "the maximum penalty possible for the crime of which the alien was convicted ... did not exceed imprisonment for one year and ... the alien was not sentenced to a term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

The BIA treated Lafarga's undesignated offense as "akin to an indeterminate sentence." In cases involving indeterminate sentences, the BIA looks to the maximum sentence possible for the offense to determine whether the offense qualifies under the petty offense exception. *See Matter of D-*, 20 I & N Dec. at 829. Citing *Matter of D-*, the BIA concluded that because Lafarga's offense could have been designated a felony, which carries a maximum sentence of one and one half years, she did not meet the petty offense exception.

We disagree with the BIA's treatment of Lafarga's undesignated offense as "akin to an indeterminate sentence." In fact, the two are distinct. An "indeterminate sentence" is a "sentence to imprisonment for the maximum period defined by law, subject to termination by the parole board or other agency at any time after service of the minimum period." *Black's Law Dictionary* 771 (6th ed.1990); *see also U.S. v. Quinonez–Terrazas*, 86 F.3d 382, 383 (5th Cir.1996); *U.S. v. Reyes–Castro*, 13 F.3d 377, 380 (10th Cir.

---

**2.** Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656 (1996). IIRIRA's transitional rules apply to aliens whose deportation proceedings began prior to April 1, 1997 and whose final deportation order was entered on or after October 31, 1996. Lafarga's case falls within these parameters.

1993). *Matter of D-* and the cases it cites all involved defendants who had been sentenced to imprisonment for an indefinite period. The state courts in which those defendants were convicted treated the indeterminate sentences as being for the maximum possible time of imprisonment prescribed by law, despite the fact that after beginning the term of imprisonment, the defendants could have had the sentences reduced by some type of administrative or executive branch agency, such as a parole board.

Here, Lafarga's offense is not akin to an indeterminate sentence because Lafarga was not sentenced to imprisonment. Rather, she was given an undesignated probationary sentence. After she successfully completed her probationary sentence, the judge determined that the undesignated offense to which she had pled guilty should be designated as a misdemeanor. The maximum possible punishment for a misdemeanor under Arizona law is six months. *See* Ariz.Rev.Stat. § 13–707. Because the misdemeanor conviction actually imposed clearly falls into the petty offense exception, the BIA's decision to deny voluntary departure was erroneous. This reading of the statute is consistent with the Supreme Court's instruction that "since the stakes [of deportation] are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the words used." *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10, 68 S.Ct. 374, 92 L.Ed. 433 (1948).

### III.

■ Even after an alien meets the statutory qualifications for voluntary departure, it is within the Attorney General's discretion whether to grant this form of relief. *See* 8 U.S.C. § 1254(c). In exercising its discretion, the INS must weigh both favorable and unfavorable factors. *See Campos–Granillo v. INS*, 12 F.3d 849, 852 (9th Cir.1993). In balancing the equities of the instant case, the INS no doubt will consider that Lafarga's husband and her four children (ages nine, eight, five, and four) are United States citizens. Lafarga's husband has applied to the INS to expedite her legal reentry into the

United States. A forced deportation, in contrast to a voluntary departure, would prohibit Lafarga's reentry into the United States and separate her from her family for a minimum of five years. Lafarga testified that she will obey orders to voluntarily depart and that she has the means to arrange for her departure. We suggest that Lafarga merits a favorable exercise of discretion.

We vacate the judgment and remand for further proceedings consistent with this opinion.

**PETITION GRANTED. VACATED and REMANDED.**

BEEZER, Circuit Judge, dissenting:

I respectfully dissent from the court's opinion vacating the BIA's decision. Although I agree that we have jurisdiction to review the petition, I would hold that Lafarga does not qualify for the petty offense exception because she was convicted of a felony that carried a penalty in excess of one year imprisonment.

The petty offense exception to a crime involving moral turpitude contains a two-part test. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II). The exception does not apply to an individual who committed only one crime if (1) "the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year", and (2) the individual "was not sentenced to a term of imprisonment in excess of 6 months. . . ." *Id.* Lafarga fails to meet the first part of the test because she was convicted of a class 6 felony—a crime for which the statutory term of imprisonment is one and one-half years. *See* Ariz.Rev.Stat. § 13–701(C) (1989) (term of imprisonment for a class 6 felony is one and one-half years).[1]

Upon acceptance of Lafarga's guilty plea to theft in violation of Ariz.Rev.Stat. § 13–1802(A) (1989), the state court convicted her of a felony. Three factors support this conclusion.

First, Lafarga was ordered to pay a $100 felony assessment as part of her sentence. Second, Lafarga acknowledged on her appli-

---

1. The imprisonment term for a class 6 felony was amended to one year, effective January 1, 1994.

Because Lafarga was convicted on December 20, 1993, the amendment is inapplicable.

cation to vacate the judgment of guilt that "the above stated judgment of guilt and conviction for a felony is the Defendant's first felony conviction." Third, the statute that enables the state to designate her conviction as a misdemeanor after completing the conditions of her probation only applies to individuals "convicted of any class 6 felony." Ariz. Rev.Stat. § 13–702(H) (1989). The statute also states that "[t]he offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." *Id.*

Although the state court later designated Lafarga's offense as a misdemeanor, she was originally convicted of a felony. The BIA correctly determined that the statutory penalty possible for this crime was one and one-half years and that Lafarga did not qualify for the exception.

I would deny the petition for review.