**Angelita H. ANG, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 99–70082.

I & NS No. A72–099–816.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2000.*

Decided Jan. 10, 2001.

Before REAVLEY,** FERNANDEZ and THOMAS, Circuit Judges.

MEMORANDUM***

Petition to Review a Decision of the Immigration and Naturalization Service

Angelita Ang appeals from a final order of deportation by the Board of Immigra-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion Appeals. Because deportation proceedings against her commenced before April 1, 1997, and the Board's final order was entered after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, are applicable. *See Hose v. INS*, 180 F.3d 992, 995 (9th Cir. 1999) (en banc); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

■ The transitional rules provide that "there shall be no appeal of any discretionary decision" under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254 (now repealed), and other provisions. IIRIRA § 309(c)(4)(E); *see also Lafarga v. INS*, 170 F.3d 1213, 1215 (9th Cir.1999). In *Kalaw* we held that the determination of "extreme hardship" under § 244 of the INA "is clearly a discretionary act," and is "expressly committed to the Attorney General's discretion." *Kalaw*, 133 F.3d at 1152. We therefore lack jurisdiction over this appeal insofar as Ang simply argues that the BIA abused its discretion in rejecting her claim of extreme hardship.

Ang attempts to characterize the Board's decision as a violation of her rights to "due process" and "equal protection." We have held that the prohibition against appellate review in the transitional rules does not apply to a petitioner's claim that the procedures employed in deportation proceedings deprived him of due process, *see Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000); *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998), because a decision by the Board "that denies due process does not involve the exercise of discretion...." *Id.*

■ Aliens in deportation proceedings are protected by the Fifth Amendment due process clause. *See Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir.1990). This due process protection generally encompasses a right to a fair hearing, *see id.; Yamataya v. Fisher*, 189 U.S. 86, 101, 23 S.Ct. 611, 47 L.Ed. 721 (1903), and the evaluation of each case on its own merits; *see Larita–Martinez*, 220 F.3d at 1095. The Fifth Amendment also protects aliens from "invidious discrimination" by the federal government. *Plyler v. Doe*, 457 U.S. 202, 210, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).

Ang, however, has not established or even asserted a colorable constitutional claim. She does not claim that she was denied a hearing or was otherwise denied a basic due process right recognized in this context, nor does she assert a class-based equal protection violation recognized in this context. Her brief is devoted to a general discussion of constitutional principles and the factors this court and the Board recognize as relevant to a determination of extreme hardship. She merely argues that, under allegedly analogous case law, the Board should have granted her application for suspension of deportation on grounds of extreme hardship. Such an argument is nothing more than an argument that the Board abused its discretion, a matter over which we have no jurisdiction, and Ang cannot create jurisdiction that Congress chose to take away by simply clothing her abuse-of-discretion argument in constitutional garb. To hold otherwise would allow all immigrants subject to the transitional rules to circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of recharacterizing an alleged abuse of discretion as a "due process" or "equal protection" violation.

PETITION DISMISSED.