**Agustin MORAN–HERNANDEZ; Araceli Martinez De Moran, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70617.**

**INS Nos. A72–309–607, A72–309–608.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

**MEMORANDUM** [2]

Agustin Moran–Hernandez and Araceli Martinez De Moran, husband and wife and natives and citizens of Mexico, petition for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on April 28, 2000.

Araceli was served with an order to show cause ("OSC") on January 15, 1997—approximately six years and nine months after she entered the United States. At a hearing on March 17, 1998, the Immigration Judge ("IJ") denied Araceli's application for suspension of deportation because

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Araceli had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension. On appeal, the BIA affirmed.

Araceli contends that she was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625—bars such relief in her case.

 Araceli's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, No. 99–70918, 2001 WL 173309 (9th Cir. Feb. 8, 2001), and therefore her petition for review is denied. We do not consider Araceli's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

The IJ denied Agustin's application for suspension of deportation based on his failure to establish "extreme hardship." Because deportation proceedings against him commenced before April 1, 1997, and the BIA's final order was entered after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, are applicable. *See Hose v. INS*, 180 F.3d 992, 995 (9th Cir.1999) (en banc); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). The transitional rules provide that "there shall be no appeal of any discretionary decision" under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254 (now repealed), and other provisions. IIRIRA § 309(c)(4)(E); *see also*

*Lafarga v. INS*, 170 F.3d 1213, 1215 (9th Cir.1999). In *Kalaw* we held that the determination of "extreme hardship" under § 244 of the INA "is clearly a discretionary act," and is "expressly committed to the Attorney General's discretion." *Kalaw*, 133 F.3d at 1152. We therefore lack jurisdiction over Agustin's petition for review, and dismiss.

PETITION FOR REVIEW DENIED in part, DISMISSED in part.