Jose De Jesus Mendoza **CASTELLANOS,** Petitioner,

v.

Alberto R. **GONZALES,*** Attorney General, Respondent.

No. 04–70217.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 24, 2005.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose De Jesus Mendoza Castellanos, Reseda, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Jose de Jesus Mendoza Castellanos, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order finding him statutorily ineligible for cancellation of removal because of his conviction for a firearms offense. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of statutory construction, *Lafarga v. INS,* 170 F.3d 1213, 1215 (9th Cir.1999), and we deny in part and dismiss in part the petition for review.

■ The IJ correctly concluded that Mendoza Castellano was ineligible for cancellation of removal because of his conviction under California Penal Code § 246.3 for unlawful discharge of a firearm with gross negligence. *See* 8 U.S.C. § 1229b(b)(1)(C) (to establish eligibility for cancellation of removal, alien must prove that he has "not been convicted of an offense under section ... 1227(a)(2) ... of this title"); *Valerio–Ochoa v. INS,* 241 F.3d 1092, 1095–96 (9th Cir.2001) (holding that "the act of 'willfully discharg[ing] a firearm in a grossly negligent manner' in violation of Cal.Penal Code § 246.3 qualifies as 'using' a firearm under 8 U.S.C. § 1227(a)(2)(C)").

■ We lack jurisdiction to consider Mendoza Castellano's contentions that (1) the IJ should not have considered his firearm conviction because it was subsequently expunged; and (2) his firearm conviction does not render him ineligible for cancellation of removal because the conviction predates the 1996 amendments to the Immigration and Nationality Act. Mendoza Castellano did not raise these issues in his appeal to the BIA and thus failed to exhaust administrative remedies.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion of administrative remedies is mandatory and jurisdictional).

Mendoza Castellano's remaining contentions lack merit.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.