**Clemente Nava MIRANDA; Maribel Oliveros Oliveros, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70640.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 24, 2005.

Ann L. Smith, Van Nuys, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Jeffry A. Bernstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Clemente Nava Miranda and his wife Maribel Oliveros Oliveros, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the physical presence determination for substantial evidence, *see Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004), and an agency's application of a statute de novo, *see Lafarga v. INS,* 170 F.3d 1213, 1215 (9th Cir.1999). We deny the petition for review.

Substantial evidence supports the IJ's determination that petitioners did not establish the ten years of continuous physical presence necessary to qualify for cancellation of removal because both petitioners testified that they were out of the country for almost five months in 1997. *See* 8 U.S.C. § 1229b(d)(2) (stating that any ab-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sence longer than ninety days constitutes a break in continuous presence).

The BIA properly refused to consider petitioners' argument, raised for the first time on appeal, that their nervousness caused them to testify incorrectly regarding the duration of their absence from the United States. *See* 8 C.F.R. 1003.1(d)(3)(iv) (2002) (noting that the BIA cannot consider new evidence, and explaining that the appropriate mechanism for correcting an alleged mistake of fact based on new evidence is a motion to remand).

Because we conclude that Nava Miranda's five month visit to Mexico broke his continuous physical presence in the United States, we need not reach the IJ's administrative voluntary departure ruling, the alternate ground used to deny Nava Miranda's cancellation application.

Petitioners' claims of due process violations are without merit because they have not established prejudice. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**