Restituto Quiambao SALAZAR,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–72424.

Agency No. A44–526–308.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.[*]

Decided Dec. 1, 2005.

Barbara K. Strickland, Law Offices of
Barbara K. Strickland, San Diego, CA, for
Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Restituto Salazar, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's finding that Salazar was removable and statutorily ineligible for the petty offense exception or voluntary departure relief. We have jurisdiction over this matter under 8 U.S.C. § 1252(a)(2)(D) and deny the petition for review.[1]

I. Salazar is Removable for Committing a Crime Involving Moral Turpitude

An alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, for which a sentence of one year or longer may be imposed, is removable. See 8 U.S.C. § 1227(a)(2)(A)(i). Salazar pled guilty to grand theft in violation of California Penal Code section 487(a). He committed the crime within five years of his admission to the United States. We have previously held that grand theft is a crime involving moral turpitude. See Garcia–Lopez v. Ashcroft, 334 F.3d 840, 844 (9th Cir.2003). Thus, if Salazar could have received a sentence of one year or longer for

his conviction, he is removable. See 8 U.S.C. § 1227(a)(2)(A)(i).

Grand theft under California law is referred to as a "wobbler" statute because it can result in a range of punishments, and can be classified as either a misdemeanor or a felony. See Garcia–Lopez, 334 F.3d at 844. The classification of a particular punishment is governed by California Penal Code section 17(b), which sets out the range of judgments "for all purposes" subsequent to judgment. See Cal.Penal Code § 17(b).

■ Salazar argues that he is not removable because he was convicted of a misdemeanor for which his sentence could not exceed one year in the county jail.[2] He contends that he was sentenced to a term of imprisonment other than imprisonment in state prison,[3] and that his conviction must therefore be a misdemeanor offense under California Penal Code section 17(b)(1). He is mistaken.

It is true that a conviction of a wobbler offense becomes a misdemeanor "[a]fter a *judgment imposing a punishment* other than imprisonment in the state prison." Cal.Penal Code § 17(b)(1) (emphasis added). But Salazar overlooks the fact that, in this circuit, a suspended sentence is not a judgment imposing punishment for purposes of section 17(b)(1). See Garcia–Lopez, 334 F.3d at 844–45; see also United

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our jurisdiction over this matter was restored by section 106(a)(1)(A)(iii) of the READ ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231. See also Fernandez–Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir.2005).

2. Even assuming, arguendo, that Salazar was convicted of a misdemeanor, he still could have been sentenced to up to one year in county jail, rendering him removable under

the statute. 8 U.S.C. § 1227(a)(2)(A)(i) (creating ground of removability related to crimes involving moral turpitude if "a sentence of *one year or longer* may be imposed." (emphasis added)).

3. Salazar's sentence of up to three years in state prison was suspended, and he was granted five years of probation, the terms of which included sixty days of work furlough. We note, and Salazar conceded in his brief, that any violation of the terms of his probation would trigger a three year sentence in state prison.

*States v. Robinson,* 967 F.2d 287, 293 (9th Cir.1992). Furthermore, we held in *Robinson* that a suspended sentence on a wobbler is treated as a felony for purposes of the Sentencing Guidelines when there is no subsequent action by the sentencing court to designate the offense as a misdemeanor. *See* 967 F.2d at 293.

Because Salazar was not subject to a judgment imposing punishment other than imprisonment in the state prison, his argument that he was convicted of a misdemeanor fails.[4] Salazar's felony conviction for grand theft was punishable by up to three years imprisonment in the state prison. Accordingly, the BIA did not err in concluding that Salazar is removable for having committed a crime involving moral turpitude for which a sentence of one year or longer may be imposed.

**II. Salazar Is Ineligible for Voluntary Departure Because He Is Ineligible for the Petty Offense Exception**

 To be eligible for voluntary departure, an alien must show, *inter alia,* that he has been a person of good moral character for at least five years immediately preceding the alien's application for voluntary departure. *See* 8 U.S.C. § 1229c(b)(1)(B). An alien that has been convicted of a crime involving moral turpitude committed during the five-year period cannot be found to have good moral character, unless the conviction falls within the petty offense exception. *See* 8 U.S.C. § 1101(f)(3); *see also* 8 U.S.C. § 1182(a)(2)(A)(i), (ii). Because Salazar was convicted of a crime involving moral turpitude during the period for which he must demonstrate good moral character,

our inquiry turns to whether Salazar's offense may be classified as a petty offense.

An alien cannot qualify for the petty offense exception if the maximum penalty possible for the crime of which the alien was convicted exceeded imprisonment for one year. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Because we conclude that Salazar could have been imprisoned for more than one year for his conviction, he is not eligible for the petty theft exception. Therefore, Salazar cannot demonstrate good moral character as a result of his conviction, and the BIA did not err in concluding that Salazar was ineligible for voluntary departure relief.

**III. Conclusion**

Accordingly, the petition for review is DENIED.

---

4. The BIA properly rejected Salazar's additional argument under California Penal Code section 17(b)(3) that the sentencing judge classified his conviction as a misdemeanor. Unlike *Garcia–Lopez,* 334 F.3d at 842, and *Lafarga v. INS,* 170 F.3d 1213, 1214 (9th Cir.1999), where the sentencing judge explicitly designated the offense as a misdemeanor, here there is no evidence in the record that the sentencing judge classified Salazar's conviction as a misdemeanor.